

# NUMBER 13-12-00473-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

KENNEDY HODGES, L.L.P.,                                               Appellant,

v.

VENTURA GOBELLAN, JR. AND
PAULA GOBELLAN,                                                       Appellees.

---

### On appeal from the 24th District Court
### of Jackson County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

By one issue, appellant, Kennedy Hodges, LLP, appeals the trial court's order denying its motion to compel arbitration.  We affirm.

## I. BACKGROUND

In 2004, appellees, Ventura Gobellan, Jr. and Paula Gobellan, signed a contingency fee agreement with appellant concerning appellant's representation of appellees in a personal injury suit. The suit was filed in 2005 in Jackson County, Texas (the "Jackson County suit"). In 2006, appellees terminated their representation by appellant. Thereafter, appellees were represented by Canonero Brown, an attorney who previously worked for appellant.

Subsequently, in 2006, appellant filed suit in Harris County, Texas against Brown and his new employer (the "Harris County suit"). Appellees were not named as defendants, but the suit involved appellees' contingency fee contract with appellant. In relevant part, appellant alleged in its petition:

> [Appellant seeks] a declaratory judgment regarding [appellant's] existing rights and/or the status of [appellant's] interests in cases in which current or former . . . clients [of appellant] are now being represented (or in the future will be represented) by one or more defendants. [Appellant] is entitled to recover its full contractual fee interest in these cases. Alternatively, [appellant] is entitled to recover in quantum meruit for the reasonable value of services rendered before termination of the contractual relationship with each client.

In 2007, appellant intervened in appellees' personal injury suit in Jackson County. Appellant asserted causes of action against appellees for breach of contract and declaratory judgment, alleging that it "is entitled to forty percent (40%) of any and all settlements and/or compensation paid to and/or received by [appellees] with regards to the accident made the basis of their lawsuit." Appellant requested a judgment declaring that it is entitled to 40% of any recovery by appellees, its "full contractual fee interest."

On December 4, 2007, after what appellees describe as "eighteen months of intense litigation, including full discovery," appellant, Brown, and Brown's employer entered into a settlement agreement in the Harris County suit. The parties agreed "to

2

settle all claims and controversies between them, whether or not asserted in this case, except as explicitly stated [in the agreement]." The settlement agreement specifically addressed appellant's claim for its full contractual fee interest under its contingency fee contract with appellees. Under the terms of the agreement, appellant agreed to accept less than its full contractual fee interest. Specifically, the agreement provided in relevant part as follows:

> [Appellees'] claims shall be split as follows: 65% of the legal fees shall be paid to [appellant] and 35% of the legal fees shall be paid to [Brown]. Notwithstanding this fee split, 100% of the fees on the $7500 settlement achieved before [Brown] left [appellant's employment] shall be paid to [appellant] only. Further, [Brown] shall request that the clients involved herein authorize [appellant] to endorse the settlement check, or its replacement if "stale," for $7,500.00 or shall use his Power of Attorney to endorse the check for the benefit of [appellant].

The agreement also provided that Brown would pay appellant the fees owed by appellees:

> Other terms of this settlement are that since the payment of these settlements will be made to parties other than [appellant], the funds shall be placed first into an IOLTA account and shall be paid directly to [appellant] within 15 days of the date of the deposit.

Pursuant to the agreement, appellant and Brown filed a joint motion for dismissal with prejudice in the Harris County suit. On February 29, 2008, the trial court in the Harris County suit entered an agreed order of dismissal with prejudice, dismissing all claims and causes of action that were asserted or that could have been asserted by the parties in that suit.

In 2010, Brown, representing appellees, settled appellees' personal injury claims in the Jackson County suit for $470,000. Based on the settlement agreement between Brown and appellant, Brown paid appellant attorney's fees in the amount of $61,600 on

3

behal of appellees. Subsequently, in June 2011, appellant filed a lawsuit against appellees in Harris County, seeking an additional $189,000 from their recovery. Appellant alleged that appellees terminated representation without good cause and thereafter "refus[ed] to pay [appellant] the full fee and reimbursement for all expenses, as provided for in the Fee Agreement for termination without cause." The lawsuit contained a demand for arbitration; however, appellant subsequently amended the lawsuit to add Brown and the payor of the $470,000 settlement as defendants and to delete its demand for arbitration.

On January 13, 2012, appellees answered the lawsuit. Appellant then filed a motion to compel arbitration. On March 8, 2012, appellees filed a verified plea in abatement based on the pending status of appellant's intervention in the Jackson County suit. Appellant subsequently nonsuited its claims against appellees in the Harris County suit.

In March 2012, appellees filed their answer to appellant's petition in intervention in the Jackson County suit. In addition, appellees filed a third-party petition against Brown and his employer. No discovery has been conducted in the Jackson County suit with regard to appellant's petition in intervention or appellees' counterclaim.

On May 16, 2012, appellant filed a motion to compel arbitration based on an arbitration provision in the contingency fee agreement. Appellees opposed the motion on the basis that appellant had waived its right to arbitration by delaying any attempts to enforce the arbitration provision and litigating its claim in the Harris County suit against Brown to a final order. Appellees maintained that they had been prejudiced by appellant's attempt to have it both ways by seeking to compel arbitration of the same

4

claim it fully litigated in the Harris County suit. On June 29, 2012, the trial court entered an order denying appellant's motion to compel arbitration. This interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2011).

## II. ANALYSIS

### A. Applicable Law

A party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice. *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008). Due to the strong presumption against waiver of arbitration, this hurdle is a high one. *Id.* at 590. The Texas Supreme Court has held that parties did not waive arbitration by: (1) filing suit; (2) moving to dismiss a claim for lack of standing; (3) moving to set aside a default judgment and requesting a new trial; (4) opposing a trial setting and seeking to move the litigation to federal court; (5) moving to strike an intervention and opposing discovery; (6) sending 18 interrogatories and 19 requests for production; (7) requesting an initial round of discovery, noticing (but not taking) a single deposition, and agreeing to a trial resetting; or (8) seeking initial discovery, taking four depositions, and moving for dismissal based on standing. *Id.* (citations omitted).

We decide questions of waiver by applying a totality-of-the-circumstances test on a case-by-case basis. *Id.* In doing so, we consider a wide variety of factors including: (1) whether the movant was plaintiff (who chose to file in court) or defendant (who merely responded); (2) how long the movant delayed before seeking arbitration; (3) whether the movant knew of the arbitration clause all along; (4) how much pretrial activity related to the merits rather than arbitrability or jurisdiction; (5) how much time and expense has been incurred in litigation; (6) whether the movant sought or opposed

5

arbitration earlier in the case; (7) whether the movant filed affirmative claims or dispositive motions; (8) what discovery would be unavailable in arbitration; (9) whether activity in court would be duplicated in arbitration; and (10) when the case was to be tried. *Id.* at 591. Of course, all these factors are rarely presented in a single case. Courts have found waiver based on a few, or even a single one. *Id.*

Even substantially invoking the judicial process does not waive a party's arbitration rights unless the opposing party proves that it suffered prejudice as a result. *Id.* at 593. "Prejudice" has many meanings, but in the context of waiver of arbitration, it relates to inherent unfairness—that is, a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage. *Id.* at 597. For purposes of a waiver of an arbitration agreement, prejudice refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue. *Id.* Thus, "a party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." *Id.*

**B. Standard of Review**

Review of the denial of a motion to compel arbitration is conducted under an abuse of discretion standard. *Okorafor v. Uncle Sam & Assocs., Inc.*, 295 S.W.3d 27, 38 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). We resolve the question of waiver as a question of law by applying a totality-of-the-circumstances test to the particular circumstances of the case. *Id.* The trial court's ultimate conclusion concerning waiver of arbitration is a legal question that we review de novo. *Id.*

6

However, when the trial court must first resolve underlying facts, we defer to the trial court's factual resolutions and any credibility determinations that may have affected those resolutions, and we may not substitute our judgment on these matters. *Id.* The duty is upon the party resisting arbitration to raise an affirmative defense. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Any doubts are to be resolved in favor of arbitration. *Prudential Sec., Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995).

## C. Discussion

We begin with the proposition that "[a] party invokes the judicial process only to the extent that it litigates a specific claim it subsequently seeks to arbitrate." *Chambers v. O'Quinn*, 305 S.W.3d 141, 152 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). In this case, appellant seeks to arbitrate a claim against appellees to collect its fees under the contingency fee agreement. In this context, for there to have been a waiver, appellant "must [have], at the very least, engage[d] in some overt act in court that evince[d] a desire to resolve the [same] arbitrable dispute through litigation rather than arbitration." *Haddock v. Quinn*, 287 S.W.3d 158, 177 (Tex. App.—Fort Worth 2009, pet. denied). Thus, it is relevant that appellant previously litigated its claim to the same attorney's fees under the same contract in the suit against Brown in Harris County. *See In re Christus Spohn Health Sys. Corp.*, 231 S.W.3d 475, 481 (Tex. App.—Corpus Christi 2007, orig. proceeding) (holding hospital's prior litigation conduct in criminal case constituted waiver of right to arbitrate where prior litigation involved developing evidence as part of strategic plan for defense of civil suit for damages). Furthermore, we note that appellees contend—and appellant does not dispute—that appellant engaged in

7

extensive discovery in the Harris County suit. *See Nationwide of Bryan v. Dyer*, 969 S.W.2d 518, 522 (Tex. App.—Austin 1998, no pet.) ("To substantially invoke the judicial process a party must make a specific and deliberate act after suit has been filed that is inconsistent with its right to arbitrate, such as engaging in extensive discovery or requesting a jury.").

Appellant argues that its participation in the litigation with Brown has nothing to do with the claim it now seeks to arbitrate. Appellant bases this assertion on the fact that appellees were not parties to the Harris County suit. We agree that the absence of appellees from the suit is a relevant factor for purposes of the totality-of-the-circumstances test, but we conclude that more weight should be given to the fact that appellant was attempting to collect the same fees it now seeks to collect from appellees through arbitration. *See Haddock v. Quinn*, 287 S.W.3d 158, 179 (Tex. App.—Fort Worth 2009, pet. denied) ("[W]aiver may be found where a party has tried and failed to achieve a satisfactory result before turning to arbitration.").

It is also significant that the Harris County suit was settled based on, among other things, appellant's agreement to accept only 65% of the fee it claimed to be entitled to under the contingency fee agreement with appellees. *See id*. In fact, the trial court dismissed with prejudice appellant's claim to 100% of the fee in an order entered by agreement of the parties. Thus, the fact that appellant is now seeking to arbitrate a claim to 100% of the same fee indicates that appellant "failed to achieve a satisfactory result before turning to arbitration." *Id*. Furthermore, we note that "failing to seek arbitration until after proceeding in litigation to an adverse result is the clearest form of inconsistent litigation conduct and is inevitably found to constitute substantial invocation

8

of the litigation process resulting in waiver." *Id.* at 180. Accordingly, we conclude that appellees have satisfied the first prong of the test for waiver of arbitration by establishing that appellant substantially invoked the judicial process.

Turning to the second prong of the test, requiring prejudice, we note that "'prejudice' has many meanings, but in the context of waiver . . . it relates to inherent unfairness—that is, a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage." *Perry Homes*, 258 S.W.3d at 597. "[M]anipulation of litigation for one party's advantage and another's detriment is precisely the kind of inherent unfairness that constitutes prejudice under federal and state law." *Id.*

Here, appellant elected to file suit against Brown to collect fees allegedly owed by appellees. Appellant pursued the claim to an adverse outcome (i.e., dismissal with prejudice). Now, appellant seeks to arbitrate the same claim to obtain a more satisfactory result (i.e., 100% of the fee, instead of 65%). Thus, appellant is attempting to have it both ways by switching between litigation and arbitration to its own advantage. *See id.* Accordingly, we conclude that appellees have established prejudice for purposes of waiver.

Appellant's issue is overruled.

### III. CONCLUSION

The order of the trial court is affirmed.

_____
NORA L. LONGORIA
Justice

Delivered and filed the
14th day of March, 2013.

9