# IN THE SUPREME COURT OF TEXAS

═══════════

No. 13-0321

═══════════

KENNEDY HODGES, L.L.P., PETITIONER,

v.

VENTURA GOBELLAN, JR. AND PAULA GOBELLAN, RESPONDENTS

═══════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS
═══════════════════════════════

**PER CURIAM**

A party waives its right to arbitration by substantially invoking the judicial process to the other party's detriment or prejudice. Proving waiver is a high hurdle due to the strong presumption against waiver of arbitration. This appeal concerns whether a law firm waived its right to arbitrate a fee dispute with former clients by litigating with a former associate. After the associate left the firm and took several clients with him, the firm sued the former associate—with whom it had no arbitration agreement—over client contingency fees. The firm also sued the former clients and moved to compel that dispute to arbitration pursuant to an arbitration clause in the contingency fee agreement between the firm and the clients. The trial court and the court of appeals both concluded that because the firm had litigated the fee issue with the former associate, it waived its right to arbitrate any claims stemming from its fee agreement with the former clients. Importantly, the firm could not arbitrate its dispute with the former associate because it had no arbitration agreement with

him.  Because the firm's litigation with the former associate neither prejudiced the former clients nor substantially invoked the litigation process with them, we reverse the court of appeals' judgment and remand to the trial court.

Ventura Gobellan was driving an armored car for his employer when the vehicle became unstable and rolled over, killing a passenger and injuring Gobellan.  Gobellan and his wife retained Kennedy Hodges, L.L.P. to defend against a wrongful death suit and to bring suit against Gobellan's employer and other defendants (the Gobellan Suit).  The Gobellans agreed to pay Kennedy Hodges forty percent of the gross recovery obtained after suit was filed but before trial.  Their fee agreement provided that the Gobellans would be liable for the entire contingency fee if they terminated Kennedy Hodges without cause and required the Gobellans and Kennedy Hodges to arbitrate any fee dispute.  Kennedy Hodges assigned associate attorney Canonero Brown to the case.

Brown subsequently left Kennedy Hodges and assured Gobellan "he would work out a fee splitting arrangement with Kennedy Hodges and that [they] would not be affected."  The Gobellans retained Brown to represent them.  Kennedy Hodges sued Brown to recover contingency fees for former clients he took with him (the Brown Suit).  The Gobellans were not a party to that suit.  Kennedy Hodges later settled with Brown for a portion of all contingency fees collected from former firm clients who retained Brown, including the Gobellans.

In the Gobellan Suit, Gobellan's employer and the Gobellans submitted their dispute to arbitration.  The Gobellans obtained an award that was confirmed in a final judgment, which Gobellan's employer satisfied by paying $470,000.  Kennedy Hodges sued the Gobellans in a separate proceeding, and moved for a no-answer default judgment.  But after conferring with the

2

Gobellans, Kennedy Hodges pursued its claim in the Gobellan Suit by intervening and moving to compel arbitration. The trial court denied the motion, and the court of appeals affirmed, concluding that Kennedy Hodges substantially invoked the litigation process as to the Gobellan fee based on the discovery it conducted in the Brown Suit. __ S.W.3d __, __. The court also found the Gobellans established prejudice because Kennedy Hodges attempted to "have it both ways" by switching between litigation and arbitration. *Id.* at __. As we explain below, the court of appeals' decision conflicts with our decision in *Perry Homes v. Cull*, 258 S.W.3d 580 (Tex. 2008), on a question of law material to the disposition of the case, which confers jurisdiction on this Court over this interlocutory appeal, TEX. CIV. PRAC. & REM. CODE § 171.098(a)(1); TEX. GOV'T CODE §§ 22.001(a)(2), 22.225(c).

The Gobellans argue Kennedy Hodges's litigation in the Brown Suit substantially invoked the litigation process against them. Kennedy Hodges counters that the Brown Suit contained tort and contract claims not involving the Gobellans as parties. We agree with Kennedy Hodges.

Because the parties do not dispute the facts, whether Kennedy Hodges's conduct waived its right to arbitrate is a question of law we review de novo. *Cull*, 258 S.W.3d at 598 & n.102. A party waives the right to arbitrate "by substantially invoking the judicial process to the other party's detriment or prejudice." *Id.* at 589–90. The strong presumption against waiver of arbitration renders this hurdle a high bar. *Id.* at 590. We decide waiver on a case-by-case basis by assessing the totality of the circumstances. *Id.* We have considered such factors as (1) when the movant knew of the arbitration clause; (2) how much discovery was conducted; (3) who initiated the discovery; (4) whether the discovery related to the merits rather than arbitrability or standing; (5) how much

3

of the discovery would be useful in arbitration; and (6) whether the movant sought judgment on the merits. *Id.* at 591–92. Further, the substantial invocation of the litigation process must also have prejudiced the opposing party. *Id.* at 593. In this context, prejudice is "inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Id.* at 597.

Two cases in particular illuminate how we apply this standard. First, in *Cull*, the Culls substantially invoked the litigation process by initially resisting the opposing party's motion to compel arbitration, filing motions to compel discovery, conducting extensive discovery about every aspect of the merits, and waiting until shortly before trial to request arbitration. *Id.* at 595-97. There, we specifically emphasized the extreme delay the Culls caused, which we noted undercuts one of the prime benefits of arbitration: an expedient and cost-effective dispute resolution process. *Id.* at 596. Additionally, our statement that waiver occurs when a party substantially invokes litigation with "the other party[]" indicates the party claiming waiver was the other party in the litigation. *Id.* at 590.

More relevant to our inquiry here, we held in *In re Service Corp. International* that a party who litigated one claim with an opponent did not substantially invoke the litigation process for a related yet distinct claim against another party with whom it had an arbitration agreement. 85 S.W.3d 171, 175 (Tex. 2002).

Here, Kennedy Hodges's litigation with Brown in the Brown Suit did not substantially invoke the litigation process with the Gobellans, who were not parties to the Brown Suit. The Brown Suit involved alleged breaches of Brown's employment agreement with Kennedy Hodges

4

as well as tort claims. And there was no arbitration agreement between Kennedy Hodges and Brown. By contrast, the Gobellan Suit involved an alleged breach of the Gobellans' contingency fee agreement with Kennedy Hodges, which contains an arbitration clause. By litigating with Brown, Kennedy Hodges did not litigate with the Gobellans. Our holding in *Service Corp. International*, compels this conclusion. *Id.* Additionally, Kennedy Hodges's litigation with Brown did not prejudice the Gobellans as it did not cause delay, expense, or damage to the Gobellans' legal position. *See Cull*, 258 S.W.3d at 597.

Likewise, we cannot agree that Kennedy Hodges substantially invoked the litigation process with its pleadings against the Gobellans. Kennedy Hodges filed pleadings against the Gobellans in two suits. First, Kennedy Hodges initiated litigation against the Gobellans in a separate proceeding in Harris County and filed a motion for a no-answer default judgment. But these pleadings alone do not rise to the level required to show waiver. *See, e.g.*, *id.* at 592 (assessing whether a party moved for judgment on the merits); *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763–64 (Tex. 2006) (holding that seeking initial discovery, taking four depositions, and moving for dismissal did not substantially invoke the litigation process). Second, after conferring with the Gobellans, Kennedy Hodges intervened in the existing Gobellan Suit and moved to compel their dispute to arbitration. The firm conducted no discovery. In sum, we conclude Kennedy Hodges did not substantially invoke the litigation process with the Gobellans by intervening and moving to compel arbitration. *See Vesta*, 192 S.W.3d at 763–64.

To conclude, Kennedy Hodges's litigation conduct involved suing a third party with whom it had no arbitration agreement and filing limited pleadings against the Gobellans. Such activity did

5

not substantially invoke the litigation process against the Gobellans or prejudice them. Thus, Kennedy Hodges did not waive its right to arbitrate its dispute with the Gobellans. Accordingly, without hearing oral argument, TEX. R. APP. P. 59.1, we grant the petition for review, reverse the court of appeals' judgment, and remand to the trial court to grant Kennedy Hodges's motion to compel arbitration.

**OPINION DELIVERED:** May 16, 2014