COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| TRULY NOLEN OF AMERICA, INC., | § | |
| | | No. 08-19-00118-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 327th District Court |
| OMAR MARTINEZ, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 2017DCV3006) |
| | § | |

## CONCURRING OPINION

Does waiting eighteen months to urge a motion to compel arbitration after a lawsuit is filed sufficiently evidence the "intentional relinquishment" of the right to rely on the arbitration clause? Or stated more specifically, does it show the substantial invocation of the judicial process when during that same period, none of the party or fact witnesses were deposed, no dispositive motions were filed, and the parties largely exchanged paper discovery and collected business records (which would be equally useful in arbitration)? The majority says yes. If we were writing on a clean slate, I would grudgingly say no. I concur in the Court's judgment, however, because our district's precedent would seem to compel it.[1] I write separately to express some misgivings with

---

[1] I also fully concur in the majorities' holding that the parties entered into a valid arbitration agreement.

1

that precedent.  But nothing written here should be read to condone the delay and timing of the motion to compel arbitration in this case.  Arbitration is advertised to be a quicker and more efficient tool to dispose of disputes, and needlessly waiting eighteen months to invoke the arbitration undermines that purpose.

Four years ago, this Court addressed a remarkably similar fact pattern to the one before us today.  In *El Paso Healthcare System, Ltd. v. Green*, the defendant waited nineteen months to assert its arbitration rights. 485 S.W.3d 227, 229 (Tex.App.--El Paso 2016, pet. granted, judgm't vacated w.r.m.).  During that time period, like here, each party served and responded to paper discovery, and they agreed to a scheduling order with a trial setting.  *Id.* at 230-31.  And like this case, the defendant filed no dispositive motions.  Unlike this case, the defendant allowed two of its own witnesses to be deposed, and served, but withdrew a notice of deposition on the plaintiff.  Within a few months of the trial date, and a little more than an hour after a motion to compel was filed against it, the defendant moved to compel arbitration.

In *Green*, this Court affirmed the denial of that defendant's right to arbitrate based on the same waiver theory advanced here.  The defendant then filed a petition for review, but because the parties settled on appeal, the Texas Supreme Court never had to the review the merits of our decision.  Instead, the petition for review was granted and our judgment, but not our opinion, was vacated.  That would leave the opinion intact for our seventeen counties.  *See Houston Cable TV, Inc. v. Inwood W. Civic Ass'n*, 860 S.W.2d 72, 73 (Tex. 1993) (noting distinction between vacating court of appeals' judgment and its opinion, and noting the precedential effect to be the same as a writ dismissed case); James Hambleton, *Notations for Subsequent Histories in Civil Cases*, 65 Tex. B.J. 694 (2002) (noting when the court of appeals opinion is not vacated, case has the precedential

value of a petition dismissed case, meaning only that the Texas Supreme Court has not reviewed the merits).

The facts of this case are modestly less compelling than *Green*, but not sufficiently so that I could meaningfully distinguish the case without some fine hair splitting. Thus, I feel compelled to concur in the ultimate disposition of this case. But in my view, and were I not bound by *Green*, the record here is insufficient to meet the "high hurdle" for a waiver claim that the Texas Supreme Court requires. *Perry Homes v. Cull*, 258 S.W.3d 580, 589-90 (Tex. 2008) ("We have said on many occasions that a party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice," but "[d]ue to the strong presumption against waiver of arbitration, this hurdle is a high one.") (footnotes omitted).

## DISCUSSION

Appellant, Truly Nolan, carried the initial burden to (1) establish the existence of a valid arbitration agreement, and (2) show that Omar Martinez's claims fell within the scope of the agreement. *See In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 605 (Tex. 2005). Because this Court concludes it met that burden, Martinez carries the burden to establish a valid defense to the agreement. *Id.* at 607. Waiver is one such defense. And in the context of this dispute, the question is whether Truly Nolan "substantially invoked" the judicial process such that its litigation conduct is so inconsistent with the arbitration right that it clearly demonstrates an intentional relinquishment of that right. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 514 (Tex. 2015). When the relevant facts are undisputed, the question of whether a party has waived its right to arbitrate is a question of law. *Id*. at 511; *Perry Homes*, 258 S.W.3d at 598 & n.102.

Our Court has teased out of the Texas Supreme Court's *Perry Home* decision thirteen factors that bear on that question. *See Ellman v. JC Gen. Contractors*, 419 S.W.3d 516, 519-20

3

(Tex.App.--El Paso 2013, no pet.) (listing those factors). The majority opinion has focused on several of those factors, including the (1) length of the delay before the party invokes the right, (2) whether the party waits until the eve of trial to invoke the right, and (3) the amount of discovery conducted while in the judicial system. My view of those factors differs somewhat from my colleagues.

There is no question that Truly Nolan waited eighteen months to invoke the arbitration clause and offered no reason for that delay. That factor cuts against its claim, but similar delays by themselves have not established waiver of arbitration rights. *See G.T. Leach Builders*, 458 S.W.3d at 512-13 (17-month delay); *Richmont Holdings, Inc. v. Super. Recharge Sys., L.L.C.*, 455 S.W.3d 573, 575-76 (Tex. 2014) (19-month delay); *In re Vesta Ins, Group, Inc*., 192 S.W.3d 759, 763 (Tex. 2006) (two-year delay).

The majority is also more impressed by the amount of discovery below than am I. The record shows that Martinez served written discovery with its petition, which Truly Nolan answered. Truly Nolan also served its own discovery, which included eighteen interrogatories, eleven requests for production, and eight requests for admissions. Other than the admissions, the discovery requests were standard questions served in almost any wrongful termination lawsuit. Truly Nolan also served three notices of deposition on written questions to records custodians to prove up either employment records or police records. Martinez moved to quash the notices because the records invaded his privacy and constituted attorney work product. There is no indication that motion was ever set for hearing or ruled upon. Martinez also served one follow-up request for production, asking for a copy of what was eventually produced at the depositions on written questions. These kinds of requests are common at the outset of litigation. None of the lawyers would have even appeared at the depositions on written questions. The lawyers did

4

communicate by email in February, July, August, and September 2018, and then again in February 2019 to set up depositions. But no depositions were ever set, no fact or expert witness was ever deposed. No dispositive motion was ever filed. Save and except for serving written discovery and the notices of deposition on written questions, any affirmative action was initiated by Martinez. Otherwise, Truly Nolan only responded to discovery as required by our discovery rules.

This level of discovery does not show waiver. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 514 (a defendant needs discovery information to decide how to defend the suit and limited written discovery to defend a suit can be done without waiving arbitration rights); *see also In re Fleetwood Homes of Texas, L.P*., 257 S.W.3d 692, 694-95 (Tex. 2008) (a party does not waive arbitration by serving one set of written discovery); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (holding that propounding interrogatories and production requests, noticing one deposition and agreeing to reset a trial date did not amount to a waiver of arbitration); *In re Bruce Terminix Co*., 988 S.W.2d 702, 704 (Tex. 1998) (holding that propounding one set of eighteen interrogatories and nineteen production requests does not waive arbitration rights).

The majority is also impressed by the timing of the motion to invoke arbitration. And indeed, invoking the right on the eve of trial can be an important factor. *Perry Homes*, 258 S.W.3d at 584 (finding waiver when right was asserted four days before trial). The record here shows that on July 10, 2018, the trial court entered a scheduling order setting the case for trial on April 16, 2019. Discovery needed to be completed by March 16, 2019. Truly Nolan's motion to compel arbitration was filed March 12, 2019. But the record hardly shows that the parties were really poised to try the case at that time.[2]

---

[2] At the hearing on the motion to compel arbitration, Truly Nolan's counsel stated, "I would submit to you, Your Honor, that neither party is ready for a trial setting in April of 2019." Martinez's counsel equivocated: "Your Honor, we've gone to trial -- and I'm not saying we are or we're not going to go to trial on April 16th, but parties have gone to trials without having taken depositions. Now, I don't know if that's the case. This may be the case; it may not."

To be sure, we should view these questions on a case-by-case basis, considering the totality of the circumstances. But in doing so, I try and peg the facts of this case up against the continuum of cases failing to support waiver. The Texas Supreme Court summarized a listing of its cases in *Richmont Holdings, Inc. v. Super. Recharge Sys., L.L.C.*, 455 S.W.3d 573 (Tex. 2014) as follows:

*Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 544–45 (Tex. 2014) (per curiam) (law firm did not waive right to arbitrate a fee dispute with former clients by litigating with a former associate);

*In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 694 (Tex. 2008) (per curiam) (defendant did not waive by "failing to pursue its arbitration demand for eight months while discussing a trial setting and allowing limited discovery");

*In re Citigroup Global Mkts., Inc.*, 258 S.W.3d 623, 625–26 (Tex. 2008) (per curiam) (defendant did not waive arbitration by removing case to federal court and acceding to remand seven months later before demanding arbitration);

*In re Bank One, N.A.*, 216 S.W.3d 825, 827 (Tex. 2007) (per curiam) (defendant did not waive arbitration by moving to set aside a default judgment, requesting a new trial, and waiting eight months to move to compel arbitration);

*In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 783 (Tex. 2006) (contractors did not waive arbitration by suing to preserve evidence and cross-claiming for indemnity in a separate suit, absent a showing that their actions detrimentally affected the defendant);

*In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (per curiam) (defendants did not waive arbitration by litigating for two years, especially when the plaintiff initiated more discovery requests than he received);

*In re Serv. Corp. Int'l*, 85 S.W.3d 171, 174–75 (Tex. 2002) (per curiam) (defendants did not waive arbitration by supporting plaintiffs' inclusion in a federal class action whose members were not subject to arbitration, and moving, *inter alia,* to dismiss in that action);

*In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (per curiam) (defendant did not waive arbitration by its delay and discovery requests, when the responses were insufficient to show prejudice);

*EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89–90 (Tex. 1996) (per curiam) (in the absence of a showing of prejudice, defendants did not waive arbitration by, *e.g.*, requesting discovery and waiting ten months to ask for arbitration);

*Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898–99 (Tex. 1995) (per curiam) (defendants did not waive arbitration by moving to strike an intervention, seeking and resisting discovery, and failing to timely seek mandamus review).

*Id.* at 575 n.1 (bullet points added). I contrast these cases with *LaLonde v. Gosnell*, No. 16-0966, 2019 WL 2479172, at *1 (Tex. June 14, 2019) where a majority of the court upheld a finding that an engineer waived the right to insist on the plaintiff filing a certificate of merit. The engineer did not seek dismissal until 1,219 days after the suit was filed and almost two years after the engineers answered. The engineers participated in discovery until the discovery deadline passed, and filed motions seeking to shift responsibility to third parties. Because our case does not fall that far along the spectrum, and were we writing on a clean slate, I would find the circumstances do not show an intentional relinquishment of the right to arbitrate.

The claim of prejudice also gives me pause. Waiting to file a motion to arbitrate until the eve of trial *could* trigger the kind of prejudice that would sustain a waiver claim. Any trial attorney knows that many legal tasks are backloaded into the final days or week just prior to trial: reviewing jury sheets, final preparation and interviews of witnesses, drafting motions in limine, making deposition "cuts", and scripting examinations, openings, and closings. Time spent on many of these tasks is largely wasted when a trial setting is passed. And if this record had shown that Martinez's attorneys had substantially performed these kinds of tasks, I would not hesitate to find prejudice. But as noted above, the record does not show the parties were actually gearing up for trial, nor that any of these tasks were actually performed. None of the written discovery sought indicates that it would be useful only in litigation, but not in an arbitration. Beyond that is the inherent prejudice of delay, which is worthy of consideration, but not controlling.

Summarizing, while I am uncomfortable with *Green*, it is the precedent of this Court, and outcomes should not change simply because of a panel change.[3] Accordingly, I concur in the judgment of the Court.

---

[3] And of note, Martinez's waiver argument at the hearing below expressly referenced and relied on the *Green* decision.

JEFF ALLEY, Chief Justice

February 26, 2020