**Affirmed in Part and Reversed and Remanded in Part and Memorandum Opinion filed June 27, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00712-CV

---

**MOMENTUM PROJECT CONTROLS, LLC D/B/A MOMENTUM GENERAL CONTRACTORS, LLC, Appellant**

**V.**

**BOOFLIES TO BEEFRAS LLC D/B/A KIDDIE ACADEMY, IAN BAIERLIPP, INDIVIDUALLY AND TERI BAIERLIPP, INDIVIDUALLY; YOUNG LEE PLUMBING, INC.; BOTELLO BUILDERS CORPORATION; AND KADEX MASONRY, LLC, Appellees**

---

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 18-DCV-256820**

---

### MEMORANDUM OPINION

This is an interlocutory appeal from the denial of a motion to compel arbitration. Appellant Momentum Project Controls, LLC d/b/a Momentum General Contractors (Momentum) sued appellees Booflies to Beefras LLC d/b/a Kiddie Academy (Booflies) and Ian and Teri Baierlipp, individually, Booflies' owners,

seeking payment for the construction of Kiddie Academy and foreclosure of its mechanic's and materialman's liens. Among Momentum's causes of action was one for breach of contract. Almost four years after filing suit Momentum filed a plea in abatement and motion to compel arbitration seeking to abate the litigation and submit the disputes to binding arbitration. Appellees asserted that Momentum waived its right to arbitrate under the contract by substantially invoking the judicial process. The trial court agreed and denied Momentum's motion to compel. In three issues on appeal Momentum asserts the trial court erred in denying the motion to compel. We affirm the trial court's denial of Momentum's motion to compel arbitration with regard to Young Lee Plumbing. Concluding that Booflies did not meet its burden to show waiver, we reverse the trial court's denial of the motion to compel arbitration with regard to Booflies. The remaining parties, Botello Builders and Kadex Masonry, did not contest the motion to compel arbitration in the trial court or this court. We reverse the trial court's order with regard to Booflies, Botello Builders, and Kadex Masonry, and remand for entry of an order compelling arbitration and staying the proceedings in the trial court pending completion of the arbitration proceedings.

**BACKGROUND**

## I.    The Initial Suit

On September 22, 2016, Momentum entered into a contract with Booflies and its owners, Ian and Teri Baierlipp, to build a daycare facility called Kiddie Academy. A dispute arose over payment for construction, and on November 9, 2018, Momentum filed suit against Booflies and its owners for breach of contract, foreclosure of mechanic's and materialman's liens, misapplication of construction funds, quantum meruit, and breach of fiduciary duty. Booflies and the Baierlipps answered, asserting a general denial and the affirmative defense that they were

excused from performance of the contract due to Momentum's prior breach. Booflies later asserted counterclaims for fraud, negligence, and gross negligence.

## II.    Young Lee Plumbing

On March 9, 2020, Young Lee Plumbing, a subcontractor, filed an original petition in which it alleged that Momentum and Booflies failed to pay Young Lee for plumbing work done on the Project. Young Lee asserted claims for breach of contract, unjust enrichment, quantum meruit, violations of the prompt pay statute, and foreclosure of mechanic's and materialman's liens. On June 30, 2020, Young Lee's suit was consolidated with those of the other subcontractors in Fort Bend County. Momentum filed a counterclaim against Young Lee in which it alleged that Young Lee was not entitled to payment until Momentum was paid.

On August 17, 2020, Young Lee filed a motion for summary judgment in which it alleged it was entitled to judgment as a matter of law as to Momentum. Momentum responded to Young Lee's motion for summary judgment and asserted counterclaims alleging that Young Lee's mechanic's and materialmen's lien was void. On September 28, 2020, Momentum responded to Young Lee's motion for summary judgment asserting a condition precedent to payment had not been met.

On October 20, 2020, the trial court granted partial summary judgment in Young Lee's favor on its claims against Momentum.

## III.    Motion to Compel Arbitration

On September 19, 2022, almost four years after filing its original petition and two weeks before the case was set for trial, Momentum filed a plea in abatement and motion to compel arbitration seeking to compel the parties to binding arbitration. During the previous four years no party had asserted a right to arbitration. As excuse for the delay Momentum alleged that it was unable to request arbitration until after

completion of unsuccessful mediation, which occurred on August 31, 2022. Booflies and Young Lee objected to the motion to compel on the ground that Momentum waived its right to arbitration by substantially invoking the judicial process to their detriment.[1]

Both parties challenged Momentum's claim that the delay was caused by a requirement that the parties engage in and complete unsuccessful mediation before requesting arbitration. The contract between Momentum and Booflies contained a clause for binding dispute resolution, which required:

> For any Claim subject to, but not resolved by, mediation pursuant to Section 15.3 of AIA Document A201-2007, the method of binding dispute resolution shall be . . . Arbitration pursuant to Section 15.4 of AIA Document A201-2007."

Section 15.3 of AIA Document A201-2007[2] allows for the parties to request arbitration concurrently with a request for mediation:

> **§ 15.3.1** Claims, disputes, or other matters in controversy arising out of or related to the Contract except those waived as provided for in Sections 9.10.4, 9.10.5, and 15.1.6 shall be subject to mediation as a condition precedent to binding dispute resolution.
>
> **§ 15.3.2** The parties shall endeavor to resolve their Claims by mediation which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association in accordance with its Construction Industry Mediation Procedures in effect on the date of the Agreement. A request for mediation shall be made in writing, delivered to the other party to the Contract, and filed with the person or entity administering the mediation. The request may be made concurrently with the filing of binding dispute resolution proceedings but, in such event, mediation shall proceed in advance of binding dispute resolution proceedings, which shall be stayed pending

---

[1] Our record does not contain opposition from the other parties to Momentum's motion to compel arbitration.

[2] Momentum did not attach this document to its original petition or motion to compel arbitration. Booflies, however, attached it to its opposition to the motion to compel arbitration.

4

mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order. If an arbitration is stayed pursuant to this Section 15.3.2, the parties may nonetheless proceed to the selection of the arbitrator(s) and agree upon a schedule for later proceedings.

Section 15.4.1.1 provides that "demand for arbitration shall be made no earlier than concurrently with the filing of a request for mediation[.]" The timing of the request for arbitration can be made concurrently with a request for mediation and is not dependent on unsuccessful mediation.

Young Lee asserted it had been prejudiced by the delayed request for arbitration in that it (1) expended significant time and money participating in discovery, including third-party depositions; (2) prepared several motions including a motion for summary judgment; (3) defended motions filed by Momentum and other parties; (4) paid a mediation fee of $1,500; (5) obtained a trial setting; and (6) incurred in excess of $20,000 in attorney's fees and approximately $3,000 in costs. Booflies asserted prejudice in that (1) Momentum would avoid the consequence of the summary judgment in favor of Young Lee; (2) Booflies would be required to repair construction items at its own expense; (3) Booflies would have to resolve disputed liens to continue operating a daycare facility; (4) discovery would begin anew in a different forum; and (5) Booflies would be required to pay arbitration fees. The trial court denied Momentum's motion to compel arbitration on waiver grounds and this appeal followed.

## ANALYSIS

In three issues Momentum challenges the trial court's order denying its motion to compel arbitration. Momentum asserts the trial court erred in denying its motion to compel arbitration because (1) appellees did not meet the heavy burden to establish waiver; (2) appellees failed to adequately raise waiver as a defense and

5

there is no legal or factual basis for waiver; and (3) any waiver "should be nullified" because appellees "use[d] a bait-and-switch litigation strategy to avoid arbitration." We will address issues one and two together.

## I.      Standard of Review and Applicable Law

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). Whether a party waived its right to arbitrate is a question of law that we review de novo. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008).

The parties entered into a contract developed by the American Institute of Architects (AIA), which provides that "if the parties have selected arbitration as the method of binding dispute resolution, the Federal Arbitration Act shall govern[.]" Under the FAA, state law governs the question whether a litigant agreed to arbitrate, and federal law governs the scope of the arbitration clause. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding); *see Builders First Source–S. Tex., LP v. Ortiz*, 515 S.W.3d 451, 455 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("When reviewing claims under the FAA, we look to federal law to resolve substantive issues, but apply state law to resolve procedural issues.").

Under the FAA, a presumption exists that favors agreements to arbitrate. *Henry*, 551 S.W.3d at 115. A party seeking to compel arbitration must establish (1) the existence of a valid arbitration agreement and (2) that the claims at issue fall within the scope of the agreement. *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 397 (Tex. 2020). If the party seeking to compel arbitration meets this burden, the burden shifts and the party opposing arbitration must prove an affirmative defense to enforcement of the arbitration provision. *Id*. at 398; *Henry*, 551 S.W.3d at 115. Waiver is an affirmative defense to enforcement of an arbitration provision. *Henry*, 551 S.W.3d at 115; *G.T. Leach Builders, LLC v.*

6

*Sapphire V.P., LP*, 458 S.W.3d 502, 520 (Tex. 2015). The question of whether a party has waived its right to arbitration through its litigation conduct is a question of arbitrability for the courts to decide. *G.T. Leach Builders*, 458 S.W.3d at 520.

Waiver—the intentional relinquishment of a known right—can occur either expressly, through a clear repudiation of the right, or impliedly, through conduct inconsistent with a claim to the right. *Id.* at 511.

Courts can imply a waiver of the right to arbitrate from a party's conduct, but "that conduct must be unequivocal." *Perry Homes*, 258 S.W.3d at 593; *Cooper Indus., LLC v. Pepsi-Cola Metro. Bottling Co.*, 475 S.W.3d 436, 449 (Tex. App.— Houston [14th Dist.] 2015, no pet.) ("The party's conduct must be unequivocally inconsistent with claiming a known right to arbitration."). A party asserting implied waiver as an affirmative defense to arbitration bears the burden to prove that (1) the opposing party has substantially invoked the judicial process, which is conduct inconsistent with a claimed right to compel arbitration, and (2) the inconsistent conduct has caused it to suffer detriment or prejudice. *G.T. Leach Builders*, 458 S.W.3d at 511–12. Because arbitration is favored, the "hurdle" to demonstrate waiver by litigation conduct "is a high one." *Id*. at 512 (quoting *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 575 (Tex. 2014)).

## II.     Waiver of arbitration through substantial invocation of the judicial process.

In Momentum's first two issues it challenges the trial court's denial of its motion to compel arbitration and asserts it did not waive arbitration by substantially invoking the judicial process to the other parties' detriment.

The parties do not assert express waiver of the right to arbitration. In addressing whether Momentum impliedly waived arbitration, we look to the totality of circumstances to determine whether a party has substantially invoked the judicial

process, considering a variety of factors. *G.T. Leach Builders*, 458 S.W.3d at 512. Courts have considered, among other things:

- how long the party moving to compel arbitration waited to do so;
- who initiated the litigation;
- whether the movant sought judgment on the merits;
- the reasons for the movant's delay;
- whether and when the movant knew of the arbitration agreement during the period of delay;
- how much discovery the movant conducted before moving to compel arbitration, and whether that discovery related to the merits;
- whether the movant asserted affirmative claims for relief in court;
- the extent of the movant's engagement in pretrial matters related to the merits (as opposed to matters related to arbitrability or jurisdiction);
- the amount of time and expense the parties have committed to the litigation; and
- when the case was to be tried.

*Id.*; *Perry Homes*, 258 S.W.3d at 591–92.

In general, no single one of these factors is dispositive. *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016). Nor must all or most of these factors be present to support waiver. *See Perry Homes*, 258 S.W.3d at 591. The specifics of each case matter. *See Henry*, 551 S.W.3d at 116; *Perry Homes*, 258 S.W.3d at 591, 593. "Merely taking part in litigation is not enough unless a party 'has substantially invoked the judicial process to its opponent's detriment.'" *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (quoting *In re Serv. Corp. Int'l*, 85 S.W.3d 171, 174 (Tex. 2002)). But a party may not substantially invoke the litigation process and then switch to arbitration on the eve of trial. *Perry Homes*, 258 S.W.3d at 584. We are required to review these factors individually for each party in the litigation. *RSL Funding*, 499 S.W.3d at 431. We begin with Young Lee Plumbing.

## A. Young Lee Plumbing

Momentum asserts it did not waive arbitration with Young Lee because (1) it did not engage in full discovery; (2) it did not file motions on the merits of the litigation; and (3) the contract did not allow Momentum to request arbitration before unsuccessfully completing mediation.[3]

Turning to the factors considered by other courts, Young Lee filed a separate suit against Momentum in Fort Bend County. On Young Lee's motion, the trial court consolidated Young Lee's suit with the initial suit filed by Momentum. The subcontractors' agreements, including Young Lee's contract, incorporated the AIA agreement, including the arbitration provision.[4] Young Lee filed requests for admission and requests for production seeking written discovery from Momentum. Young Lee filed a motion for summary judgment in which it alleged it was entitled to judgment as a matter of law as to Momentum. Momentum responded to Young Lee's motion for summary judgment and asserted counterclaims alleging that Young Lee's mechanic's and materialmen's lien was void. Booflies also filed a response to Young Lee's motion for summary judgment, and sought to remove Young Lee's lien as invalid. Young Lee and Booflies subsequently settled their dispute with each other. The trial court granted partial summary judgment for Young Lee against Momentum, and ordered judgment against Momentum in favor of Young Lee for $57,958. Young Lee's claim for attorney's fees was not resolved by the summary judgment.

---

[3] Contrary to Momentum's assertion, the contract does not require completion of mediation before a party can move for arbitration. The contract provides that "demand for arbitration shall be made no earlier than concurrently with the filing of a request for mediation."

[4] On appeal Young Lee raised the issue of whether it agreed to arbitrate. Although Momentum did not attach the Young Lee contract to its motion to compel arbitration, Young Lee attached its contract to its original petition. Young Lee's contract, which is part of our record, incorporates the AIA contract, which contained an arbitration provision.

The amount of discovery that constitutes substantial litigation conduct depends on the context of each case. *See Perry Homes*, 258 S.W.3d at 590, 593. Young Lee propounded written discovery on Momentum, with which Momentum failed to timely comply. The record reflects that Young Lee filed Requests for Disclosure, Requests for Production, and Requests for Admissions. The record further reflects that Momentum failed to timely comply with the Young Lee's written discovery prompting motions to compel discovery responses. In fact, Momentum asserted that discovery was complete on September 6, 2022, almost two weeks before Momentum filed its motion to compel arbitration.

Young Lee obtained a partial summary judgment against Momentum before Momentum requested arbitration. The parties were engaged in pretrial conference at the time Momentum filed its motion to compel arbitration just two weeks before trial. This case was on the "eve of trial" when Momentum first asserted its right to arbitration. *See Perry Homes*, 258 S.W.3d at 596 (explaining rule that one cannot wait until "eve of trial" to request arbitration is not limited to evening before trial but is "a rule of proportion"); *see also Tuscan Builders, LP v. 1437 SH6 L.L.C.*, 438 S.W.3d 717, 722 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (concluding movant waived arbitration right by waiting to move for arbitration for one year after suit was filed and until trial was less than one month away); *Archimedes, Inc. v. Russell*, No. 01-21-00222-CV, 2022 WL 2024851, at *3 (Tex. App.—Houston [1st Dist.] June 7, 2022, no pet.) (mem. op.) (concluding that motion to compel arbitration filed 10 days before the end of discovery and 33 days before trial was on the "eve of trial.").

Finally, Momentum waited until after receiving an adverse result in litigation to request arbitration. Young Lee obtained a partial summary judgment in its favor two years before Momentum filed its motion to compel arbitration. Seeking

10

arbitration after receiving an adverse result in litigation is the type of litigation behavior that supports a trial court's finding that a party waived its right to arbitration. *See Accord Bus. Funding, LLC v. Ellis*, 625 S.W.3d 612, 618 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (holding party waived right to arbitration by failing to assert the right until after agreed judgment was challenged by bill of review).

Based on the totality of circumstances and taking the above factors into account, we conclude that Momentum substantially invoked the judicial process before moving to compel arbitration against Young Lee.

We further determine that Young Lee met its burden to show that it suffered prejudice as a result of Momentum's conduct. Substantial invocation of the judicial process is not enough; there also must also be prejudice.[5] *Perry Homes*, 258 S.W.3d at 593. In the context of waiver of the right to arbitrate, prejudice generally focuses on the inherent unfairness caused by a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage. *G.T. Leach Builders*, 458 S.W.3d at 515; *Perry Homes*, 258 S.W.3d at 597. Considerations like delay, expense, or damage to another party's legal position are relevant to the issue of prejudice. *Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 545 (Tex. 2014); *Perry Homes*, 258 S.W.3d at 597. The two critical factors in determining whether a party was prejudiced by the opposing party's delay in asserting arbitration are (1) expenses incurred by the party during the period of delay; and (2) the effect on the parties' legal positions, including whether the party moving for arbitration

---

[5] Recent U.S. Supreme Court precedent rejects any requirement of proof of prejudice as an "arbitration-specific" federal procedural rule in cases brought in federal court. *Morgan v. Sundance, Inc.*, 142 S.Ct. 1708, 1712–14 (2022). Whether that ruling would govern in state court as a matter of procedure generally is unsettled and a matter for the Texas Supreme Court to determine. *See Robinson v. Homeowners Mgmt. Enters.*, 590 S.W.3d 518, 528 n.46 (Tex. 2019).

11

would gain an unfair advantage by switching forums from litigation to arbitration. *Perry Homes*, 258 S.W.3d at 597.

Momentum asserts Young Lee failed to present any evidence of "prejudicial harm." Momentum asserts that Young Lee was required to present evidence detailing "what litigation costs they incurred at the trial court level." To the contrary, the court in *Perry Homes* explained that a nonmovant need only prove substantial invocation of the judicial process that caused prejudice, not precisely how much it cost. 258 S.W.3d at 599–600. Thus, even without specific evidence of discovery costs or attorneys' fees, Young Lee may demonstrate prejudice on the face of the record. *See Archimedes, Inc.*, 2022 WL 2024851 at *4.

In the trial court Young Lee filed a response to Momentum's motion to compel arbitration in which it asserted prejudice in the form of time spent participating in discovery, preparing and filing motions including motions for summary judgment, and defending motions filed by Momentum and other parties. Young Lee also asserted it incurred costs in the form of a $1,500 mediation fee, attorneys' fees of $20,000, and an additional $3,000 in court costs. Young Lee further asserted that it had obtained a favorable ruling on its motion for summary judgment that was at risk in a potential arbitration. Young Lee's response was supported by an affidavit of its attorney stating that he spent over 80 hours preparing the case at a fee of $250 per hour. Young Lee further attached a copy of the partial summary judgment it obtained against Momentum two years earlier.

In light of the apparent expenses incurred, potential damage to the parties' legal positions by switching to arbitration two weeks before trial, and the almost four-year delay, Young Lee has met its burden to show that it suffered prejudice as a result of Momentum's delayed request for arbitration. *See Kennedy Hodges*, 433 S.W.3d at 545 (considerations like delay, expense, or damage to legal position

12

relevant to issue of prejudice). We overrule Momentum's first two issues as to Young Lee.

## B.     Booflies

In reviewing whether Momentum substantially invoked the judicial process as to Booflies, we apply the legal principles discussed above, but Momentum's invocation of the judicial process against Young Lee did not substantially invoke the judicial process in relation to the suit filed against Booflies. *See RSL Funding*, 499 S.W.3d at 431 (holding RSL's conduct in litigation regarding one party was not relevant to question of whether RSL waived its arbitration rights with other parties); *Kennedy Hodges*, 433 S.W.3d at 545 ("[A] party who litigate[s] one claim with an opponent d[oes] not substantially invoke the litigation process for a related yet distinct claim against another party with whom it ha[s] an arbitration agreement.").

Booflies answered Momentum's suit on December 10, 2018, almost four years before Momentum filed its motion to compel arbitration. On May 4, 2020, Booflies filed a counterclaim asserting claims of fraud, negligence, and gross negligence against Momentum. Almost two years later, on September 20, 2022 Booflies filed a demand for jury trial.

In opposing Momentum's motion to compel arbitration, Booflies alleged Momentum waived arbitration by delaying its request until the eve of trial, propounding and responding to discovery, losing a summary judgment, requesting affirmative relief, and engaging in pretrial matters on the merits. In support of its opposition, Booflies attached:

- Momentum's original petition;
- Kadex Masonry's original counterclaim;
- Momentum's first amended answer and counterclaim to Young Lee's original petition;

13

- Momentum's first amended answer to General Fire's petition;
- Momentum's plea to the jurisdiction in the suit filed by Botello Builders in Harris County;
- An agreed motion to consolidate the various subcontractors' suits;
- The trial court's order granting Young Lee's summary judgment;
- Momentum's first amended petition and request for disclosure against Booflies;
- Momentum's response to Booflies' request for production;
- The AIA contract;
- Momentum's responses to all defendants' and intervenors' requests for disclosure; and
- Momentum's responses to General Fire's interrogatories.

Of the documents listed above the only evidence we may consider in reviewing whether Momentum waived arbitration with regard to Booflies is Momentum's pleadings, which included requests for disclosure, and Momentum's responses to Booflies' request for production. *See RSL Funding*, 499 S.W.3d at 431 (litigation conduct with one party is not relevant to waiver of arbitration with another party).

Booflies asserts it met its burden to show waiver through litigation conduct because Momentum filed suit, engaged in discovery, and requested arbitration after a substantial delay and on the eve of trial. We discuss each allegation in turn.

The Texas Supreme Court has held that "[m]erely filing suit does not waive arbitration." *Richmont Holdings*, 455 S.W.3d at 576; *see also RSL Funding*, 499 S.W.3d at 430 (noting that parties have "taken several different types of action without substantially invoking the judicial process," including filing suit). Booflies claims that Momentum engaged in pretrial matters on the merits by filing a plea to the jurisdiction in the suit filed by Botello Builders in Harris County. Not only does this action involve another party, which we may not consider, moving to transfer

14

venue does not waive arbitration because the motion does not address the merits of the case. *Richmont Holdings*, 455 S.W.3d at 576.

As to Booflies, Momentum engaged in minimal discovery. Momentum's requests for disclosure include a sentence in their pleadings requesting disclosure of "the information or material described in Texas Rule of Civil Procedure 194.2." Such requests seek basic information about a lawsuit: who are the parties and witnesses, what are the theories, and how much is at stake? The supreme court has declined to find waiver of the right to arbitrate in other cases where the movant made similar requests for disclosure. *See G.T. Leach Builders*, 458 S.W.3d at 514; *Richmont Holdings*, 455 S.W.3d at 575; *Vesta Ins.*, 192 S.W.3d at 763.

The record does not contain Booflies' response to Momentum's request for disclosure. The record reflects that Booflies propounded discovery on Momentum on August 16, 2022, shortly before Momentum filed its motion to compel arbitration. Discovery, therefore, was minimal as to Booflies.

While we agree that Momentum could have been more prompt in seeking arbitration, during most of the delay of which Booflies complains, Booflies was similarly inactive. This case involves multiple parties in two different counties, and has experienced delays caused by Covid closures. One of the significant delays was in completing mediation. While waiting until shortly before trial is problematic, that factor alone does not favor waiver. *See Perry Homes*, 258 S.W.3d at 593 ("[I]n close cases, the strong presumption against waiver should govern.").

Considering the totality of the circumstances, as to Booflies, we hold that Momentum has not substantially invoked the litigation process in contravention of its contractual right to arbitration. *See Perry Homes*, 258 S.W.3d at 589–90 (adopting totality-of-the-circumstances test). As in several cases involving similar or greater participation in litigation than occurred here, we decline to find waiver

under these circumstances. *See Richmont Holdings*, 455 S.W.3d at 576 (holding that movant did not waive arbitration rights by initiating lawsuit, invoking forum-selection clause, moving to transfer venue, propounding request for disclosure, and waiting nineteen months after being sued to move for arbitration); *1776 Am. Properties VI, LLC v. First Chapel Dev., LLC*, No. 14-21-00734-CV, 2023 WL 3194401, at *4 (Tex. App.—Houston [14th Dist.] May 2, 2023, no pet. h.) (mem. op.) (holding that movant did not waive arbitration rights despite three-year delay in which a party filed a special appearance, another party filed a third-party petition and a motion for default judgment, all parties attended court-ordered mediation, one party settled, and another party participated in a deposition). We sustain Momentum's first two issues as to Booflies.

### C.    Botello Builders and Kadex Masonry

Momentum asserted in its motion to compel arbitration that all the subcontract agreements were identical and contained the same language as the subcontract attached to the motion to compel. One of the exhibits attached to the motion to compel is a copy of Momentum's contract with Botello Builders. Botello Builders' attorney also attended the hearing on Momentum's motion. The record also contains a copy of the contract with Kadex Masonry. The contracts are indeed identical and contain language asserting that the AIA contract containing the arbitration provision is a part of the contract.

A party moving to compel arbitration must establish the existence of a valid arbitration agreement and that the claims asserted fall within the scope of that agreement. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). If the movant establishes that the claims asserted fall within the scope of a valid arbitration agreement, the burden then shifts to the party opposing arbitration to establish a defense to the arbitration agreement. *Garg v. Pham*, 485 S.W.3d 91, 102 (Tex.

16

App.—Houston [14th Dist.] 2015, no pet.). Here, there is no dispute that the contract contains an arbitration agreement and the claims asserted fall within its scope. Because Botello Builders and Kadex Masonry did not oppose arbitration in the trial court, we sustain Momentum's first two issues as to those parties.

### III.   Momentum waived the nonwaiver clause.

Momentum asserts the AIA contract contains a nonwaiver of remedies clause, which forecloses any implied waiver of arbitration through its conduct. Because we sustained Momentum's first two issues as they apply to Booflies, Botello Builders, and Kadex Masonry, we address this issue as it applies to Young Lee. Young Lee asserts that Momentum waived the nonwaiver clause by its litigation conduct. Section 13.4.2 of AIA Document A201-2007 provides for nonwaiver of remedies:

> **§ 13.4.2** No action or failure to act by the Owner, Architect or Contractor shall constitute a waiver of a right or duty afforded them under the Contract, nor shall such action or failure to act constitute approval of or acquiescence in a breach there under, except as may be specifically agreed in writing.

A nonwaiver clause may be waived by conduct. *Shields L.P. v. Bradberry*, 526 S.W.3d 471, 482–83 (Tex. 2017); *Accord Business Funding*, 625 S.W.3d at 620. Intent to waive a nonwaiver clause by conduct "must be clearly demonstrated by the surrounding facts and circumstances." *Shields L.P.*, 526 S.W.3d at 485. The conduct must be "unequivocally inconsistent with claiming a known right." *Id*. Waiver through conduct is an "essentially unilateral" action based solely on the conduct of the waiving party, not any other party to the contract. *Id*. To waive a nonwaiver clause, "there must, at a minimum, be some act inconsistent with its terms." *Id*. at 474.

In this case, Momentum's conduct of pursuing litigation for four years, which included a partial summary judgment adverse to Momentum, then attempting to

switch to an arbitration forum demonstrated waiver of the nonwaiver provision in its contract with Young Lee. We conclude the nonwaiver of remedies clause did not prevent Momentum from waiving its right to arbitration based on its affirmative actions in substantially invoking the judicial process to the detriment of Young Lee. By conducting litigation as if the arbitration agreement did not exist, Momentum not only waived arbitration, but, by its conduct, waived the nonwaiver of remedies clause.

In a reply brief Momentum cites *Shields v. Bradbury* for the proposition that it did not waive the nonwaiver clause in this case. In *Shields*, the supreme court held "that engaging in the very conduct disclaimed as a basis for waiver is insufficient as a matter of law to nullify the nonwaiver provision in the parties' lease agreement." 526 S.W.3d at 484–85. In *Shields*, the nonwaiver provision provided, inter alia, that the landlord's acceptance of late rent payments did not constitute a waiver of rights under the contract. *Id*. at 481. The tenant in *Shields* asserted that by accepting late rental payments the landlord had waived the nonwaiver provision and that the nonwaiver provision was wholly ineffective. *Id*. The court held that a nonwaiver provision absolutely barring waiver in the most general of terms might be wholly ineffective. *Id*. at 484. But a nonwaiver provision is wholly ineffective in preventing waiver through conduct the parties explicitly agree will never give rise to waiver. *Id*. at 484. The court further held that a nonwaiver clause could be waived by an act inconsistent with its terms. *Id*. at 474.

In this case, the nonwaiver clause is not as specific as the clause the supreme court discussed in *Shields*. The clause in this case is a broad waiver of remedies clause focused on "action or failure to act." Momentum's conduct in litigating this case for four years including an adverse interlocutory judgment plus its failure to request arbitration until two weeks before trial constituted acts or failures to act

18

inconsistent with claiming the right to arbitration under its contract with Young Lee. We conclude the nonwaiver of remedies clause did not prevent Momentum from waiving its right to arbitration with Young Lee based on Momentum's affirmative actions in substantially invoking the judicial process to Young Lee's detriment.

In Momentum's third issue it asserts Booflies asserted new causes of action and additional parties following the trial court's denial of Momentum's motion to compel arbitration. Momentum argues that Booflies' use of a "bait and switch litigation strategy" revived Momentum's right to arbitration. Because we have sustained Momentum's first two issues as to Booflies, we need not address Momentum's third issue.

## CONCLUSION

Having sustained Momentum's first two issues as to Booflies, Botello Builders, and Kadex Masonry, we reverse the trial court's order denying Momentum's motion to compel with regard to those parties and remand for entry of an order compelling arbitration and staying the proceedings in the trial court pending completion of the arbitration proceedings. *See Baby Dolls Topless Saloons, Inc. v. Sotero*, 642 S.W.3d 583, 588 (Tex. 2022) (reversing and remanding with instructions to the trial court). We affirm the trial court's order denying Momentum's motion to compel arbitration with regard to Young Lee Plumbing.


/s/    Jerry Zimmerer
Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Poissant.