

# NUMBER 13-21-00243-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**LOGICORP MEXICO SA DE CV,**                                **Appellant,**

**v.**

**JORGE ANDRADE,**                                          **Appellee.**

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

We handed down our memorandum opinion and judgment in this cause on December 1, 2022. On January 10, 2023, appellee Jorge Andrade filed a "First Amended Motion for Rehearing." We hereby deny the amended motion for rehearing; however, we withdraw our memorandum opinion and judgment of December 1, 2022, and substitute the following memorandum opinion and accompanying judgment in their place.

In this complex business dispute, appellant Logicorp Mexico SA de CV (Logicorp) argues the trial court erred by granting a motion to dismiss filed by Andrade pursuant to a contractual forum selection clause. By three issues, Logicorp asserts: (1) the court erred in concluding the clause applies to its claims against Andrade; (2) Andrade waived enforcement of the clause; and (3) enforcement of the clause would be unreasonable and unjust because the selected forum—Monterrey, Nuevo Leon, Mexico—is seriously inconvenient for trial. Because we find that Andrade waived enforcement of the clause by his litigation conduct, we reverse and remand.

## I.    BACKGROUND

Andrade, a dual citizen of Mexico and the United States, co-founded Logicorp, a freight hauling company, in Mexico in 2005. He owned a fifty percent interest in the firm. Through his solely-owned company J Double A Holding, LLC (JDA), Andrade also owned three American affiliates of Logicorp (collectively Logicorp US). In 2017, Andrade decided to sell sixty-one percent of his shares in JDA and Logicorp US to a private equity firm, but the purchaser needed to borrow the funds necessary to complete the purchase. To facilitate the sale, Andrade executed a "Debt Subordination Agreement" on behalf of himself and Logicorp, providing in part that JDA and Logicorp US would not pay Logicorp's accounts payable until the purchase money loans were paid in full.

In 2018, Logicorp and Lean Cargo Transportation, LLC (LCT), a freight hauling concern based in McAllen, sued Logicorp US in the 332nd District Court, arguing that they are owed $5.5 million under various trucking contracts with Logicorp US. Logicorp US counterclaimed against Logicorp, and Logicorp US and JDA filed a third-party claim against Andrade for fraud and breach of contract. In its counterclaim, Logicorp US argued

that, pursuant to the subordination agreement, Logicorp is "not entitled to payment of any debt owed to it by [JDA] or [Logicorp US] at this time." In their third-party claim, Logicorp US and JDA argued that Andrade (1) fraudulently represented that he had authority to bind Logicorp to the subordination agreement, and (2) breached a separate agreement that he would cause Logicorp to provide carrier services only to Logicorp US and JDA.

Logicorp and LCT then filed a supplemental petition as to Andrade, alleging fraud, breach of contract, and other causes of action. Specifically, Logicorp and LCT argued that Andrade made "material misrepresentations to [them] of continued business and payment" and falsely represented to the private equity firm that the debt owed to Logicorp and LCT "would in large part be subordinated." They further argued, as Logicorp US and JDA did, that Andrade "did not have the authority to subordinate [Logicorp US]'s debt to [Logicorp and LCT]."

On November 12, 2019, counsel for LCT, Logicorp Mexico, and Andrade signed an "Agreed Docket Control Order" setting the cause for trial on June 15, 2020. In May of 2020, the parties filed a "Joint Motion for Continuance" noting that they have not been able to conduct discovery due to the COVID-19 pandemic. The trial court granted the motion, and it later signed a "First Amended Agreed Docket Control Order" re-setting trial for February 8, 2021, and a "Second Amended Agreed Docket Control Order" re-setting trial for September 20, 2021.

On August 18, 2020, Andrade moved to dismiss Logicorp's claims against him based on a forum selection clause contained within Logicorp's by-laws, which are in Spanish and were adopted at the time of the company's founding in accordance with Mexican law. According to a certified translation attached to the motion to dismiss, the

3

forum selection clause states: "ARTICLE 6.- FORUM:- The Corporation and its Shareholders expressly submit to the jurisdiction of the competent Courts of the city of Monterrey, Nuevo Leon, in case of conflict or controversy between one and others, waiving any forum that may favor them due to their domicile." The motion also included an affidavit in which Andrade averred, among other things, that when Logicorp was founded, "all parties intended for any and all disputes between [Logicorp] and its shareholders to be decided exclusively in the courts of Monterrey, Nuevo Leon, Mexico according to Mexican law."

Logicorp filed a response in which it argued: (1) the forum selection clause does not apply to its claims against Andrade; (2) Andrade waived enforcement of the clause by substantially invoking the judicial process in Texas to Logicorp's prejudice; (3) enforcement would be unreasonable because Mexico is a seriously inconvenient forum; (4) Logicorp's claims against Andrade do not "intrinsically arise out of the agreement containing" the forum selection clause; and (5) Logicorp's by-laws allow its "Sole Administrator" to unilaterally waive the forum selection clause, thereby allowing the company to sue in an alternative forum.

After a hearing on November 23, 2020, the trial court granted Andrade's motion to dismiss and severed the dismissed claims.[1] This appeal followed.

## II. FORUM SELECTION CLAUSES

We review the trial court's decision whether to enforce a forum selection clause for an abuse of discretion, deferring to the court's factual determinations if they are supported

---

[1] The following claims therefore remain pending in the trial court: (1) LCT's claims against Andrade; (2) LCT and Logicorp's claims against Logicorp US; (3) Logicorp US's counterclaim against LCT and Logicorp; and (4) JDA and Logicorp US's third-party claims against Andrade.

4

by the evidence, but reviewing legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). As there were no findings of fact or conclusions of law here, we infer that the trial court made all fact findings that have support in the record and are necessary to uphold the ruling. *See Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007).

Contractual forum selection clauses are generally enforceable in Texas. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *see In re AIU Ins.*, 148 S.W.3d 109, 112 (Tex. 2004). The party seeking to enforce a contractual forum selection provision has the initial burden of establishing that the parties entered into an agreement to an exclusive forum and that the agreement applies to the claims involved. *HMT Tank Serv. LLC v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 805 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Young v. Valt.X Holdings, Inc.*, 336 S.W.3d 258, 262 (Tex. App.—Austin 2010, pet. dism'd). If the party seeking enforcement establishes these prerequisites, the burden then shifts to the party opposing enforcement to make a "strong showing" overcoming the prima facie validity of the forum selection clause. *HMT Tank Serv.*, 565 S.W.3d at 805; *Young*, 336 S.W.3d at 262. "The burden of proof is heavy for the party challenging enforcement." *In re ADM Inv'r Servs., Inc.*, 304 S.W.3d 371, 375 (Tex. 2010) (orig. proceeding); *see In re AIU Ins.*, 148 S.W.3d at 113; *Young*, 336 S.W.3d at 262.

Under this framework, a forum selection clause must be enforced unless the party opposing enforcement of the clause shows "clear evidence that (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was

brought, or (4) the selected forum would be seriously inconvenient for trial." *In re Nationwide*, 494 S.W.3d at 712 (citing *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 231–32 (Tex. 2008) (per curiam)). "Absent these circumstances, a trial court should enforce a mandatory forum-selection clause by granting a motion to dismiss." *Id.*

### III. DISCUSSION

The parties do not dispute that Article 6 of Logicorp's by-laws constitutes an enforceable agreement to litigate at least some claims between Logicorp and Andrade in Mexico.[2] Instead, Logicorp argues the forum selection clause: (1) does not apply to the particular claims at issue in this case; (2) was unilaterally waived by Logicorp's "Sole Administrator" pursuant to authority granted elsewhere in the by-laws; (3) was waived by Andrade by his participation in litigation in Texas; and (4) should not apply because Mexico is a seriously inconvenient forum.

### A. Applicability of Clause

Logicorp contends by part of its first issue that the specific claims it raised against Andrade fall outside of the scope of the forum selection clause. It notes that, though the clause states the parties agreed to submit to the jurisdiction of Monterrey courts "in case of conflict or controversy between one and others," it does not state that it applies to "any" or "all" such controversies; moreover, it does not limit its applicability to claims which "arise from" or "relate to" the by-laws or management of the corporation. According to

---

[2] The parties do not cite any cases applying a forum selection clause contained in a company's by-laws. We observe that, in 2013, a federal district court appeared to hold that such a clause may be enforceable if, among other things, the shareholders were put on notice of its terms. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 445, 461 (S.D.N.Y. 2013), *aff'd*, 797 F.3d 148 (2d Cir. 2015); *see also In re MetroPCS Commc'ns, Inc.*, 391 S.W.3d 329, 340 (Tex. App.—Dallas 2013, no pet.) (holding that the trial court abused its discretion by granting injunctive relief without first ruling on motions seeking to enforce a forum selection clause contained in corporate by-laws). We assume, but do not decide, that such a clause may theoretically be enforceable in litigation between a company and its shareholder.

Logicorp, then, the "commonsense construction" of the clause is that it "applies only to claims that would not exist but for the Bylaws' terms, i.e., that the Bylaws are an element of the cause of action." Logicorp then argues that its claims against Andrade are wholly unrelated to the by-laws—instead, its "pivotal claim" is that Andrade "committed fraud independent of his position as shareholder"—and therefore, the forum selection clause contained in Article 6 of the by-laws does not apply. In response, Andrade notes that Logicorp repeatedly referenced Andrade's status as a "partner and shareholder" of Logicorp in its petition.

Logicorp cites *In re Wilmer Cutler Pickering Hale & Dorr LLP*, in which the Dallas Court of Appeals held that a forum selection clause applied to a claim "only if the claimant is relying on the terms and authority of the agreement [in which the clause appeared] as the basis for the rights sued upon." No. 05-08-01395-CV, 2008 WL 5413097, at *4 (Tex. App.—Dallas Dec. 31, 2008, orig. proceeding) (mem. op.). But the forum selection clause in that case explicitly applied only to claims which are "instituted under" the agreement at issue. *Id.* Logicorp also cites *Apollo Property Partners, LLC v. Diamond Houston I, L.P.*, in which a suit was found to fall outside the scope of a forum selection clause contained in a partnership agreement. No. 14-07-00528-CV, 2008 WL 3017549, at *3 (Tex. App.—Houston [14th Dist.] Aug. 5, 2008, no pet.) (mem. op.). But again, unlike in this case, the forum selection clause in that case was expressly limited to claims "arising out of or relating to" the agreement. *See id.* at *2. Because the claim at issue was for dissolution of the partnership, it was not within the scope of the forum selection clause. *Id.* at *3.

As both parties recognize, the forum selection clause in Article 6 of Logicorp's by-laws contains no language expressly limiting its scope to certain claims, unlike the

7

clauses considered in *Wilmer Cutler* or *Apollo Property Partners*. Those cases are therefore inapposite. Logicorp cites no other authority, and we find none, establishing that a forum selection clause which is broadly applicable by its own terms "in case of conflict or controversy" between the specified parties may only apply to claims arising out of or related to the underlying agreement. Instead, the plain language of the clause indicates that it applies to *any* "conflict or controversy" between Logicorp and any of its shareholders, including Andrade. We overrule this part of Logicorp's first issue.

## B.    Waiver by Sole Administrator

Logicorp also contends by its first issue that the forum selection clause is inapplicable because Abraham Sosa, its co-founder, unilaterally waived the clause in his capacity as Logicorp's "Sole Administrator." Logicorp relies on the following provision of its by-laws:

> ARTICLE 21.- FACULTIES OF THE ADMINISTRATIVE BODY.- THE SOLE ADMINISTRATOR or, when appropriate, the BOARD OF DIRECTORS shall have the following faculties, powers of attorney, and mandates before any national or foreign person or authority.
>
> I) GENERAL POWER OF ATTORNEY FOR LITIGATIONS AND COLLECTIONS.- To represent the Corporation before all kinds of administrative, labor, judicial, municipal, state or federal authorities with the broadest Power of Attorney for litigations and collections . . . they shall therefore be empowered, without limitation, . . . . to waive jurisdiction of domicile . . . .

Logicorp argues that, by choosing to litigate Logicorp's claims in Texas, Sosa effectively exercised his authority "to waive jurisdiction of domicile" on behalf of Logicorp, thereby "overr[iding] the forum selection clause." Logicorp acknowledges that, under this construction, the forum selection clause does not bind Logicorp, but it argues that this fact does not render the clause illusory. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001) (noting an arbitration clause does not require mutuality of obligation, so

long as the underlying contract is supported by adequate consideration).

In response, Andrade notes that the plain language of Article 21, Section I of the by-laws, set forth above, does not explicitly provide that the sole administrator may waive the forum selection clause contained in Article 6. Instead, Article 21 permits the administrator to "waive jurisdiction of domicile," which according to Andrade "has no impact on the forum selection clause." Andrade further contends that, to the extent there is a conflict between Article 6 and Article 21, Article 6 controls because it specifically governs company-versus-shareholder suits, whereas Article 21 generally covers any litigation concerning the company. *See In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 716 (Tex. 2015) (noting that "conflicts between general and specific provisions favor the specific"). And, Andrade notes that, even if the sole administrator is empowered to waive Logicorp's right to enforce the forum selection clause, he is not empowered to waive *Andrade's* right to enforce that clause.

We agree with Andrade's final point. Generally, the goal of contract interpretation is to ascertain the parties' true intent as expressed by the plain language they used. *Great Am. Ins. v. Primo*, 512 S.W.3d 890, 892–93 (Tex. 2017). We examine and consider the entire writing in an effort to harmonize and give effect to all its provisions so that none will be rendered meaningless. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). Article 21 of the by-laws grants Logicorp's sole administrator a general power of attorney to act on behalf of the company in litigation. One of the many specific actions the sole administrator is entitled to do in this capacity is to "waive jurisdiction of domicile." But even assuming that "jurisdiction of domicile" is intended to refer to the forum selection clause in Article 6, that does not mean that Article 21 gives the administrator the authority

9

to unilaterally nullify Article 6 whenever it pleases merely by filing suit in a different forum. As noted, Logicorp does not dispute that Article 6 constitutes an enforceable agreement between it and its shareholders, including Andrade, to litigate certain claims in Monterrey. While Logicorp is correct that a forum selection clause does not always require mutuality of obligations in order to be enforceable, *see In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d at 716, there is nothing in the language of Article 6 indicating that the obligation set forth there is, in fact, not mutual. To the contrary, it binds both parties—the company and its shareholders—to litigate claims "between one and others" in Monterrey.

At most, Article 21 grants the sole administrator the power to waive the company's right to enforce the clause. It does not grant the sole administrator the power to waive Andrade's right as a shareholder to enforce the clause. As Andrade notes, to construe Article 21 as granting such a power would lead to an absurd result, as it would imply that Logicorp's sole administrator has the general power to act in litigation on behalf of Andrade—the party that Logicorp is suing. We will not construe the by-laws in a manner that would lead to absurd results. *See Sanchez v. Barragan*, 624 S.W.3d 832, 840 (Tex. App.—El Paso 2021, no pet.). This part of Logicorp's first issue is overruled.

## C. Waiver by Litigation Conduct

By its second issue, Logicorp contends that Andrade waived his right to enforce the forum selection clause by participating in litigation in Texas. Logicorp claims specifically that Andrade substantially invoked the judicial process in Texas for the following reasons: (1) he indicated he would make an affirmative claim for attorney's fees; (2) he sought a defensive summary judgment on LCT's claims; (3) he waited fifteen months after filing his answer before moving to dismiss; (4) he did not move to dismiss

10

until five months before the second trial setting; and (5) though his attorneys claimed they were not aware of the forum selection clause until 2020, Andrade knew or should have known of it because he was a signatory to the by-laws. Logicorp also notes that it did not sue Andrade in Texas until after Andrade had already been named as a defendant by Logicorp US. In arguing that it was prejudiced by Andrade's delay in invoking the forum selection clause, Logicorp notes that Andrade did not move to dismiss until after Logicorp obtained a discovery order from the trial court compelling Logicorp US to disclose the subordination agreement, and only one week before the scheduled deposition of Brian Anderson, one of the private equity investors that purchased Logicorp US from Andrade. Logicorp contends that

> [o]nce the tide of the discovery battle turned against him[,] Andrade sought to arrest the discovery process by transfer to a Mexican forum. By pulling the plug, Andrade goes to Mexico where Anderson's Texas deposition might not be admissible, [Logicorp] might have to fight the authentication battle over documents, and witnesses unfavorable to him were outside Mexico.

### 1.    Applicable Law

"[L]ike other contractual rights, a forum-selection clause may be waived, and it would ordinarily be 'unreasonable or unjust' for a court to enforce a forum selection clause after it has been waived." *In re Nationwide*, 494 S.W.3d at 712. Generally, "waiver" consists of the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Id.* (citing *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (per curiam)). In the context of forum selection clauses specifically, the Texas Supreme Court has held that waiver may occur if a party "substantially invok[es] the judicial process" in a non-selected forum "to the other party's detriment or prejudice." *Id.*; *Perry Homes v. Cull*, 258 S.W.3d 580, 593 (Tex. 2008); *see In re Automated Collection*

11

*Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (orig. proceeding) (recognizing that cases involving waiver in the arbitration context are analogous to waiver in the forum selection-clause context). Prejudice is the "inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue" and later seeks to dismiss the case. *Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 545 (Tex. 2014) (quoting *Perry Homes*, 258 S.W.3d at 597); *see G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 515 (Tex. 2015).

"[T]he universal test for implied waiver by litigation conduct is whether the party's conduct—action or inaction—clearly demonstrates the party's intent to relinquish, abandon, or waive the right at issue—whether the right originates in a contract, statute, or the constitution." *LaLonde v. Gosnell*, 593 S.W.3d 212, 219–20 (Tex. 2019). "This is a high standard." *Id.* In evaluating whether a party's conduct clearly demonstrates an intent to waive a right, we employ a "case-by-case" approach that considers "all the facts and circumstances attending a particular case." *Id.*; *Perry Homes*, 258 S.W.3d at 591–93.

In arbitration cases, courts have considered a wide variety of non-exclusive factors when conducting a waiver inquiry, including:

- how long the party moving to compel arbitration waited to do so;

- the reasons for the movant's delay;

- whether and when the movant knew of the arbitration agreement during the period of delay;

- how much discovery the movant conducted before moving to compel arbitration, and whether that discovery related to the merits;

- whether the movant requested the court to dispose of claims on the merits;

- whether the movant asserted affirmative claims for relief in court;

- the extent of the movant's engagement in pretrial matters related to the

12

merits (as opposed to matters related to arbitrability or jurisdiction);

- the amount of time and expense the parties have committed to the litigation;

- whether the discovery conducted would be unavailable or useful in arbitration;

- whether activity in court would be duplicated in arbitration; [and]

- when the case was to be tried.

*G.T. Leach Builders, LLC*, 458 S.W.3d at 512; *Perry Homes*, 258 S.W.3d at 590–91. These factors may be used in considering whether a party has waived enforcement of a forum selection clause. *See In re Nationwide*, 494 S.W.3d at 718 & n.4 (Guzman, J., dissenting); *In re Automated Collection Techs.*, 156 S.W.3d at 559; *In re Boehme*, 256 S.W.3d 878, 884 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). "Generally, no one factor is, by itself, dispositive." *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016). That said, the Texas Supreme Court has observed that "key factors" include whether the movant delayed in moving to enforce the clause, the amount of discovery conducted by the movant, and whether the movant sought disposition on the merits. *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 575 (Tex. 2014).

### 2. Waiver

First, we examine how long Andrade waited to file a motion to dismiss based on the forum selection clause, his reasons for the delay, and whether and when he knew of the forum selection clause during the period of delay. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 512. Logicorp first named Andrade as a defendant in its supplemental petition filed on May 29, 2019, and Andrade filed his motion to dismiss based on the forum selection clause nearly fifteen months later, on August 18, 2020. Fifteen months is not an

13

insignificant period of time, even considering the glacial pace at which the judicial system often operates. Nevertheless, even a substantial, knowing, and unexplained delay will not alone be sufficient to find waiver. *See Richmont Holdings, Inc.*, 455 S.W.3d at 575–76 (rejecting waiver even though the party moving to compel arbitration had drafted the agreement containing the arbitration clause and had offered an implausible explanation for a nineteen- month delay); *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (orig. proceeding) ("Delay alone generally does not establish waiver."); *Pounds v. Rohe*, 592 S.W.3d 549, 555 (Tex. App.—Houston [1st Dist.] 2019, no pet.) ("In sum, Pounds and Black's delay was not only substantial, it was knowing and unexplained. If this was the sum total of the factors weighing in favor of waiver, waiver nonetheless would remain inappropriate.").

Concerning excuses for the delay, Andrade points to the "Joint Motion for Continuance" filed on May 1, 2020, in which the parties stated that "[d]ue to the impacts of the COVID-19 pandemic and related anti-COVID-19 measures, the parties have not been able to conduct the discovery necessary to prepare for trial" and "[no] depositions have occurred in this case." The parties jointly requested that the trial court postpone trial, which had been set for June 15, 2020, until "the fall of 2020 or winter of 2020/2021." Andrade filed his motion to dismiss three months after the joint motion for continuance was filed. At that time, trial had been scheduled for February 2021, though it was later reset to September 2021.

At the hearing on the motion to dismiss in the trial court, Andrade's counsel explained that he was not aware of the forum selection clause until 2020 because, though he has "a reasonable degree of Spanish fluency," his knowledge did not rise "to the level

14

of interpreting complex legal terms within a clause." Thus, he only learned of the existence of the clause when Andrade's Mexico-based counsel pointed it out. Logicorp emphasizes that, although Andrade's counsel may not have known about the clause until 2020, Andrade knew or should have known about it because he was a signatory to the by-laws. We agree. Having signed the by-laws in his capacity as Logicorp's co-founder and shareholder, Andrade is charged with knowledge of its contents, including the forum-selection clause. *See Town N. Nat'l Bank v. Broaddus*, 569 S.W.2d 489, 492 (Tex. 1978) ("[A] party to a written agreement . . . is charged as a matter of law with knowledge of its provisions . . . unless he can demonstrate that he was tricked into its execution."). Because Andrade constructively knew about the forum-selection clause and yet did not assert it for fifteen months after he was sued by Logicorp, consideration of this factor weighs strongly in favor of a finding of waiver.

We next consider how much discovery Andrade conducted before moving to dismiss, whether that discovery related to the merits, and whether the discovery conducted would be unavailable or useful in a different forum. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 512.[3] Affirmatively seeking some discovery is not alone sufficient to show a substantial invocation of the judicial process; rather, this factor contemplates an inquiry into both the nature and quantity of the discovery at issue. *See, e.g.*, *Richmont*

---

[3] We note that the discovery-related factors elucidated in *Perry Homes* and its progeny do not translate well from the arbitration context. *See In re Boehme*, 256 S.W.3d 878, 886 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). As the Fourteenth District Court of Appeals observed:

> One of the benefits of arbitration is that it severely limits pretrial discovery. In the arbitration context, then, engaging in significant discovery can be inconsistent with an eleventh-hour request for arbitration. That concern is not as pronounced when the clause in question is designed not to eliminate or lessen pretrial discovery but, rather, to simply specify the forum that would resolve the dispute.

*Id.* (finding that relator's "action in participating in five depositions and exchanging documents is not inconsistent with then seeking to relocate the dispute" pursuant to a forum selection clause).

*Holdings, Inc.*, 455 S.W.3d at 576; *Perry Homes*, 258 S.W.3d at 596–97.

The record demonstrates that Andrade filed the following pleadings and other documents since the inception of the underlying case: (1) his original answer, filed March 18, 2019; (2) his first amended answer, filed June 24, 2019; (3) the joint motion for continuance, filed May 1, 2020; (4) his motion to dismiss, filed August 18, 2020; and (5) his reply to Logicorp's response to his motion to dismiss, filed November 23, 2020. A docket sheet included in the clerk's record shows that, prior to the hearing on his motion to dismiss, Andrade also filed: (1) motions for summary judgment seeking dismissal of the claims made against him by Logicorp US and LCT; and (2) a motion to quash the notice of deposition of Anderson. There are no discovery requests or any other pleadings related to discovery in the record.

Logicorp argues that, in the time period between Andrade's answer and his motion to dismiss, (1) "[t]here was a discovery battle over obtaining the [s]ubordination [a]greement," (2) Andrade responded to written discovery, and (3) Andrade "agreed to depose" Anderson in Texas. It contends that "[a]ll discovery bore directly on the merits." However, Andrade notes that the "discovery battle" at issue was between Logicorp, which sought disclosure of the subordination agreement, and Logicorp US, which resisted it. Andrade contends that he did not directly participate in the "battle," nor did he "agree" to depose Anderson insofar as he moved to quash notice of the deposition. Although that is true, Logicorp benefitted from the trial court's rulings compelling disclosure of the subordination agreement and implicitly permitting Anderson's deposition, and Andrade remains a part owner of Logicorp US, which was a direct participant in the discovery "battle." It is noteworthy that Andrade delayed invoking the forum selection clause until

16

after the trial court compelled production of the subordination agreement, and mere days before Anderson's deposition. We agree with Logicorp that this "suggests that Andrade decided to pull the plug because discovery was going badly for him."

Finally, we consider whether Andrade asserted affirmative claims for relief, requested disposition of claims on the merits, or engaged in pretrial matters related to the merits. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 512. Logicorp notes that, in his discovery responses, Andrade designated his attorney as an expert witness and stated that he "expects to offer expert testimony" from the attorney "regarding fees incurred by Andrade." However, the record shows that Andrade in fact made no affirmative claims for relief, against Logicorp or any other party, in his live pleading. But Andrade did move for summary judgment on the merits of Logicorp US and LCT's claims, and "[s]ubstantially invoking the judicial process may occur when the party seeking arbitration actively has tried, but failed, to achieve a satisfactory result in litigation" before moving to dismiss. *See Bierscheid v. JPMorgan Chase Bank*, 606 S.W.3d 493, 525 (Tex. App.—Houston [1st Dist.] 2020, pet. denied); *Nw. Const. Co. v. Oak Partners, L.P.*, 248 S.W.3d 837, 848 (Tex. App.—Fort Worth 2008, pet. denied); *Southwind Grp., Inc. v. Landwehr*, 188 S.W.3d 730, 736 (Tex. App.—Eastland 2006, no pet.); *see also In re Great Lakes Ins. SE*, No. 13-22-00124-CV, 2022 WL 3693534, at *7 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2022, orig. proceeding) (mem. op.) (holding trial court did not err in finding forum selection clause was waived where relator "waited almost two years to file its motion to dismiss based on the forum selection clause, engaged in discovery on the merits, and most tellingly, sought and was denied summary judgment on the merits").

Considering all of the "key" factors identified by the Texas Supreme Court, we

conclude that Logicorp met its "heavy" burden to establish by "clear evidence" that Andrade substantially invoked the judicial process. *See In re Nationwide*, 494 S.W.3d at 712.

### 3.    Prejudice

For a party to waive a forum selection clause, the substantial invocation of the litigation process must have prejudiced the opposing party. *Kennedy Hodges*, 433 S.W.3d at 545.[4] Accordingly, we next consider whether Logicorp has been prejudiced by Andrade's actions. In this context, prejudice is "inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue" and later seeks to dismiss the case. *Id.* (quoting *Perry Homes*, 258 S.W.3d at 597); *see G.T. Leach Builders*, 458 S.W.3d at 515.

Here, Andrade waited more than fifteen months after litigation commenced to file his motion to dismiss. This substantial delay, coupled with the time and expenses incurred by Logicorp in litigation, prejudiced Logicorp. *See Perry Homes*, 258 S.W.3d at 597; *Truly Nolen of Am., Inc. v. Martinez*, 597 S.W.3d 15, 25–26 (Tex. App.—El Paso 2020, pet.

---

[4] After this case was orally argued, the United States Supreme Court held in *Morgan v. Sundance, Inc.*, that "prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay litigation or compel arbitration under the [Federal Arbitration Act]." 142 S. Ct. 1708, 1714 (2022). The Court noted that "[o]utside the arbitration context, a federal court assessing waiver does not generally ask about prejudice," and it reasoned that "the FAA's 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules." *Id.*

In a post-submission letter brief, Logicorp suggests that, in light of *Morgan*, "a good faith basis now exists to challenge whether waiver of a forum selection agreement, based on litigation conduct, should require substantial prejudice." In response, Andrade argues that *Morgan* was "expressly limited" to the issue of "whether the FAA authorizes federal courts to create . . . an arbitration-specific procedural rule," and it points out that "[i]t is incumbent upon the Texas Supreme Court, and not this Court, to decide what impact, if any, the *Morgan* decision has on the controlling Texas Supreme Court cases requiring prejudice to find waiver of a forum-[s]election clause."

We assume for purposes of this opinion, but do not decide, that *Morgan* did not abrogate the rule in Texas that a party waives enforcement of a forum selection clause only if the opposing party suffers prejudice.

denied). More significantly, however, "[w]hen a movant already has unsuccessfully sought a resolution on the merits, prejudice inheres in an attempt to start over in a different forum before a new decisionmaker." *Pounds*, 592 S.W.3d at 558. Enforcing the forum selection clause at this point in the proceedings would allow Andrade to undo the trial court's adverse discovery rulings and deprive Logicorp of these favorable results. Damage to a party's legal position suffices to show detriment or prejudice in the context of waiver of the right to arbitrate. *See Kennedy Hodges*, 433 S.W.3d at 545; *Pounds*, 592 S.W.3d at 558; *Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 794–96 (Tex. App.—El Paso 2015, no pet.); *see also In re Great Lakes Ins. SE*, 2022 WL 3693534, at *7.

We conclude that Andrade substantially invoked the litigation process to Logicorp's prejudice. *See LaLonde*, 593 S.W.3d at 220. Accordingly, Andrade waived enforcement of the forum selection clause, and the trial court erred by granting Andrade's motion to dismiss. Logicorp's second issue is sustained.[5]

## IV. CONCLUSION

The trial court's judgment is reversed. We remand with instructions to deny Andrade's motion to dismiss and for further proceedings consistent with this opinion.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
26th day of January, 2023.

---

[5] In light of our ruling, we need not address Logicorp's third issue, by which it argues that enforcement of the forum selection clause would be unreasonable and unjust because Monterrey is a seriously inconvenient forum for trial. *See* TEX. R. APP. P. 47.1.

19