**Motion to Dismiss Denied; Reversed and Remanded and Memorandum Majority Opinion and Concurring and Dissenting Memorandum Opinion filed July 6, 2023.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-22-00499-CV**

---

**PEARLAND URBAN AIR, LLC, Appellant**

**V.**

**ROCKWOOD ALLIANCES, INC., Appellee**

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2021-39466**

---

## M E M O R A N D U M   M A J O R I T Y   O P I N I O N

A general contractor sued the owner of a construction project for breach of contract. The owner moved to compel arbitration, which the trial court denied. The sole, dispositive issue on appeal is whether the owner impliedly waived its contractual arbitration rights by substantially invoking the judicial process. We conclude it has not. We reverse the trial court's order and remand for further proceedings consistent with this opinion.

## Background

Appellant Pearland Urban Air, LLC owns a trampoline and adventure facility. Urban Air contracted with appellee Rockwood Alliances, Inc., a general contractor, to build the facility. The parties' written contract included an arbitration provision, which provided in relevant part:

**ARTICLE 21      CLAIMS AND DISPUTES**

**§ 21.1** Claims, disputes and other matters in question arising out of or relating to this Contract, including those alleging an error or omission by the architect but excluding those arising under Section 16.2, shall be referred initially to the Owner for decision. Such matters, except those waived as provided for in Section 21.8 and Sections 15.5.3 and 15.5.4, shall, after initial decision by the Owner or 30 days after submission of the matter to the Owner, be subject to mediation as a condition precedent to binding dispute resolution. . . .

**§ 21.3** The parties shall endeavor to resolve their disputes by mediation which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association in accordance with their Construction Industry Mediation Procedures in effect on the date of the Agreement. A request for mediation shall be made in writing, delivered to the other party to this Agreement, and filed with the person or entity administering the mediation. The request may be made concurrently with the binding dispute resolution but, in such event, mediation shall proceed in advance of binding dispute resolution proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order. If an arbitration is stayed pursuant to this Section, the parties may nonetheless proceed to the selection of the arbitrator(s) and agree upon a schedule for later proceedings.

**§ 21.4** If the parties have selected arbitration as the method for binding dispute resolution in the Agreement, any claim, subject to, but not resolved by, mediation shall be subject to arbitration which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association, in accordance with the Construction Industry Arbitration Rules in effect on the date of this

Agreement. Demand for arbitration shall be made in writing, delivered to the other party to the Contract, and filed with the person or entity administering the arbitration. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

In section 5.1, the parties selected arbitration as the method for binding dispute resolution.[1] Further, the parties agreed that the Federal Arbitration Act would govern arbitration under Section 21.4.

A dispute arose between the parties. Rockwood sued Urban Air, alleging Urban Air did not pay all amounts due and owing under the contract. Urban Air answered, generally denying liability.

The court ordered the parties to mediation, which was unsuccessful. One month before trial was scheduled to commence, Urban Air's counsel moved to withdraw. The trial court granted the motion. On the day trial was to begin, Urban Air, represented by new attorneys, filed:

- an unopposed motion for continuance of the trial setting;

- an amended pleading asserting counterclaims against Rockwood for breach of contract, breach of warranty, negligence, negligent misrepresentation, and fraud;

- a petition asserting a fraud claim against Saleem Fernandez, Rockwood's president, as a third-party defendant; and

- a motion to compel arbitration, arguing that the contract had a valid arbitration agreement and that all claims at issue fell within its scope.

Rockwood opposed arbitration, arguing that Urban Air impliedly waived its arbitration right by substantially invoking the litigation process. Fernandez did not

---

[1] "For any claim subject to, but not resolved by, mediation pursuant to Section 21.3, the method of binding dispute resolution shall be as follows . . . Arbitration pursuant to Section 21.4 of this Agreement."

3

join Rockwood's opposition or otherwise file a response to Urban Air's motion to compel arbitration.[2]

The trial court denied Urban Air's motion to compel arbitration and denied Urban Air's motion for leave to file amended and additional pleadings; but the court nonetheless granted Urban Air's motion for a trial continuance. Urban Air challenges the order denying the motion to compel arbitration.

### Standard of Review

We review interlocutory appeals of orders denying motions to compel arbitration for abuse of discretion, deferring to the trial court's factual determinations if they are supported by the evidence and reviewing questions of law de novo. *See Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). Under this standard, we will reverse the trial court's ruling only when "it acts in an arbitrary or unreasonable manner, without reference to any guiding rules or principles." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (per curiam).

The Federal Arbitration Act ("FAA") governs any arbitration under the parties' contract. *See* 9 U.S.C. §§ 1-402. A party seeking to compel arbitration under the FAA must establish that (1) there is a valid arbitration clause and (2) the claims in dispute fall within that agreement's scope. *See In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011); 9 U.S.C. §§ 2, 4. We apply ordinary principles of state contract law to determine whether the parties agreed to submit disputes to arbitration. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex. 2005) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

Even when a valid arbitration agreement exists and the claims at issue are within that agreement's scope, a party may waive its right to rely on arbitration

---

[2] It does not appear from the record that Fernandez was served or has appeared.

4

rights. When the facts are undisputed, we review de novo whether a party waived its right to arbitration by litigation conduct. *Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 545 (Tex. 2014) (per curiam); *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008). Because public policy favors arbitration, there is a strong presumption against waiver. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (per curiam). Any waiver of the right to arbitrate must be intentional, *Sedillo v. Campbell*, 5 S.W.3d 824, 826 (Tex. App.—Houston [14th Dist.] 1999, no pet.), and the party opposing arbitration on waiver grounds faces a "high hurdle." *Kennedy Hodges*, 433 S.W.3d at 543; *see also In re Bruce Terminix Co.*, 988 S.W.2d at 705 (noting the "heavy burden of proof" required to establish waiver of the right to arbitration). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *In re Serv. Corp. Int'l*, 85 S.W.3d 171, 174 (Tex. 2002).

## Jurisdiction

We first address our jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). At oral argument and in a subsequent motion to dismiss, Rockwood contended that this court lacks jurisdiction over the appeal because Urban Air identified the wrong authorizing statute in the notice of appeal. In its notice, Urban Air asserted, "This interlocutory appeal is an accelerated appeal under Texas Civil Practice and Remedies Code Section 171.098(a)(1)." Section 171.098 authorizes certain appeals under the Texas Arbitration Act ("TAA"), not the FAA. *See* Tex. Civ. Prac. & Rem. Code § 171.098. A different statute in the Civil Practice and Remedies Code, section 51.016, authorizes interlocutory appeals under the FAA. *See* Tex. Civ. Prac. & Rem. Code § 51.016

(authorizing appeal of order "under the same circumstances that an appeal from a federal district court's order or decision would be permitted" by the FAA); 9 U.S.C. § 16(a)(1)(B) (under the FAA, a party may immediately appeal an order denying a motion to compel arbitration). According to Rockwood, Urban Air's citation to the TAA in the notice of appeal deprives this court of jurisdiction. We disagree.

"Insofar as our jurisdiction is concerned, the distinction [between the TAA and the FAA] is immaterial because interlocutory orders denying motions to compel arbitration are immediately appealable under both statutes." *Boston Fin. Institutional Tax Credits XII v. Paseo Plaza Apartments, L.P.*, No. 13-14-00295-CV, 2015 WL 392787, at *3 (Tex. App.—Corpus Christi Jan. 29, 2015, no pet.) (mem. op.). Further, a technical defect in the notice of appeal does not deprive this court of jurisdiction. *See, e.g.*, *City of Houston v. Manning*, No. 14-20-00051-CV, 2021 WL 1257295, at *3 (Tex. App.—Houston [14th Dist.] Apr. 6, 2021, pet. denied) (mem. op.); *Griggs v. Wood*, No. 14-00-00226-CV, 2001 WL 987906, at *1 n.1 (Tex. App.—Houston [14th Dist.] Aug. 30, 2001, no pet.) (mem. op.) (citing Tex. R. App. P. 25.1(b)); *see also GTECH Corp. v. Steele*, 549 S.W.3d 768, 773 n.6 (Tex. App.—Austin 2018) (determining that court possessed appellate jurisdiction under subsection (f) of section 51.014 of the Civil Practice and Remedies Code, and therefore did not need to decide whether it also possessed jurisdiction under subsection (a)(8), as asserted in appellant's notice of appeal), *aff'd sub nom.*, *Nettles v. GTECH Corp.*, 606 S.W.3d 726 (Tex. 2020). A court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Urban Air's notice of appeal suffices.

Urban Air filed a timely notice of appeal complaining of the trial court's denial of its motion to compel arbitration. We have appellate jurisdiction over such interlocutory orders. *See* Tex. Civ. Prac. & Rem. Code § 51.016. We deny Rockwood's motion to dismiss the appeal.

**Analysis**

Turning to the merits, we first address whether Urban Air, as the party moving for arbitration, met its initial burden. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 524 (Tex. 2015). There is no dispute that a valid arbitration agreement exists and that it encompasses Rockwood's breach of contract claim against Urban Air. Rockwood did not dispute below that its claim fell within the arbitration agreement's scope. Rockwood argues on appeal, however, that Urban Air failed to show that all claims—specifically Urban Air's tort claims against Rockwood and Fernandez—fall within the scope of the arbitration agreement.

We need not address the collateral question raised by Rockwood on appeal. The only claim properly before the trial court for purposes of the motion to compel arbitration was Rockwood's breach of contract claim against Urban Air. The trial court denied Urban Air leave to assert additional claims against Rockwood or to assert a third-party claim against Fernandez, and Urban Air agrees that only Rockwood's breach of contract claim is at issue.

Because Urban Air met its initial burden as to Rockwood's breach of contract claim, the burden then shifted to Rockwood to raise any valid defenses. Rockwood opposed arbitration on waiver grounds. A party may waive its right to arbitration expressly or impliedly. *See id.* at 511-12. When, as here, implied waiver is at issue, the party trying to establish the defense must show that: (1) the other party has substantially invoked the judicial process in a manner inconsistent

7

with the right to compel arbitration; and (2) this inconsistent conduct has caused the party opposing arbitration to suffer detriment or prejudice. *Id.*

The first prong—substantially invoking the judicial process—turns on the totality of the circumstances. *Id.* at 512. Courts consider a multitude of factors, including:

(1) how long the movant waited to try to compel arbitration;

(2) any explanation that the movant may offer for delay;

(3) if and when the movant knew of the arbitration agreement during the period of delay;

(4) how much discovery the movant conducted before trying to compel arbitration and whether that discovery related to the merits;

(5) whether the movant tried to dispose of the claims on the merits;

(6) whether the movant asserted affirmative claims for relief;

(7) the extent of the movant's pretrial activities relating to the merits;

(8) the amount of time and money the parties have spent in litigation;

(9) if discovery conducted would be unavailable or useful in arbitration;

(10) whether litigation activity would be duplicated in arbitration; and

(11) whether and when the case had been set for trial.

*Id.* In general, no single factor is dispositive. *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016) (per curiam). Nor must all or most of these factors be present to support waiver. *See Perry Homes*, 258 S.W.3d at 591. The specifics of each case matter. *See Henry*, 551 S.W.3d at 116; *Perry Homes*, 258 S.W.3d at 591, 593. "Merely taking part in litigation is not enough unless a party 'has substantially invoked the judicial process to its opponent's detriment.'" *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (per curiam) (quoting *In re Serv. Corp. Int'l*, 85 S.W.3d at 174). But a party may not substantially invoke the litigation process and then switch to arbitration on the eve of trial. *Perry Homes*,

8

258 S.W.3d at 584.  In determining implied waiver, the "precise question is not so much when waiver occurs as when a party can no longer take it back." *Id.* at 595.

In its opposition below, Rockwood asserted the following in support of its position that Urban Air substantially invoked the judicial process inconsistently with the right to arbitrate:

> Here, while [Urban Air] is not the 'plaintiff,' [Urban Air] has: (1) waited for over a year (while litigating) to seek arbitration; (2) Discovery and pretrial activity has been undertaken for at least a year; (3) [Urban Air] agreed without objection to go to mediation to try to resolve the claims and (4) all parties have expended time an[d] expense of the year long litigation.

This is the extent of Rockwood's substantive argument, and Rockwood attached no evidence to its response.

Urban Air filed its motion to compel arbitration a little less than one year after Rockwood filed its original petition.  While the year-long delay is a consideration, courts have determined that "mere delay in moving to compel arbitration is not enough for waiver." *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 576 (Tex. 2014) (nineteen-month delay); *see also In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 694 (Tex. 2008) (eight-month delay); *In re Vesta Ins. Grp.*, 192 S.W.3d at 763 (two-year delay). As cases like *Richmont Holdings, Inc.* and *In re Vesta Insurance Group* illustrate, delays of longer than one year have been held not to result in waiver.

Urban Air's participation in mediation also does not support a finding of waiver because mediation is a contractual condition precedent to arbitration and is not inconsistent with a desire to arbitrate.  "Settlement negotiations and mediation do not substantially invoke the judicial process, nor are they inconsistent with a

9

desire to arbitrate." *Cooper Indus., LLC v. Pepsi-Cola Metro. Bottling Co.*, 475 S.W.3d 436, 451 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Rockwood's remaining complaints—"Discovery and pretrial activity has been undertaken for at least a year" and "all parties have expended time an[d] expense of the year long litigation"—are insufficient to satisfy Rockwood's "heavy burden" to establish waiver. *See RSL Funding*, 499 S.W.3d at 430. Rockwood did not specify, much less substantiate with evidence, the extent of discovery undertaken or the costs incurred. When determining whether a party substantially invoked the judicial process, we consider (1) how much discovery the party seeking arbitration conducted before moving to compel arbitration and (2) whether the discovery conducted would be unavailable or useful in arbitration. *G.T. Leach Builders*, 458 S.W.3d at 512. Here, we cannot evaluate these factors because Rockwood did not offer the discovery propounded by Urban Air into the record. We similarly lack any evidence of the time and expenses incurred. *See Gracepoint Holding Co., LLC v. FJR Sand, Inc.*, No. 01-19-00574-CV, 2020 WL 61594, at *6 (Tex. App.—Houston [1st Dist.] Jan. 7, 2020, no pet.) (mem. op.) (reversing order denying motion to compel because, among other reasons, record did not establish extent or cost of discovery).

Given the present record, we conclude that Rockwood failed to show that Urban Air impliedly waived its right to arbitration by substantially invoking the judicial process in a manner inconsistent with the right to compel arbitration.[3] We sustain Urban Air's sole issue on appeal.

---

[3] We need not decide whether Urban Air's identified litigation conduct also prejudiced Rockwood. *See Henry*, 551 S.W.3d at 118 (concluding that opponent did not establish that proponent substantially invoked judicial process under first prong and thus declining to reach prejudice under second prong). Thus, we have no cause to address whether the prejudice component of arbitration waiver subsists in Texas jurisprudence after *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1714 (2022).

## Conclusion

We reverse the trial court's order denying Urban Air's motion to compel arbitration and remand the case to the trial court for entry of orders compelling Urban Air and Rockwood to arbitration and staying the litigation proceedings pending completion of the arbitration.

/s/     Kevin Jewell
        Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain.  (Spain, J., concurring and dissenting)

11